124 A.3d 289

**TERRA TECHNICAL SERVICES, LLC, Appellant,**

v.

**RIVER STATION LAND, L.P., Appellee.**

Terra Technical Services, LLC, Appellant,

v.

River Station Land, L.P., Appellee.

Terra Technical Services, LLC, Appellant,

v.

River Station Land, L.P., Appellee.

Terra Technical Services, LLC, Appellant,

v.

River Station Land, L.P., Appellee.

Terra Technical Services, LLC, Appellant,

v.

River Station Land, L.P., Appellee.

Terra Technical Services, LLC, Appellant,

v.

River Station Land, L.P., Appellee.

Terra Technical Services, LLC, Appellant,

v.

River Station Land, L.P., Appellee.

Terra Technical Services, LLC, Appellant,

v.

River Station Land, L.P., Appellee.

Terra Technical Services, LLC, Appellant,

v.

River Station Land, L.P., Appellee.

Terra Technical Services, LLC, Appellant,

v.

River Station Land, L.P., Appellee.

Terra Technical Services, LLC, Appellant,

v.

River Station Land, L.P., Appellee.

Terra Technical Services, LLC, Appellant,

v.

River Station Land, L.P., Appellee.

Terra Technical Services, LLC, Appellant,

v.

River Station Land, L.P., Appellee.

Terra Technical Services, LLC, Appellant,

v.

River Station Land, L.P., Appellee.

Terra Technical Services, LLC, Appellant,

v.

River Station Land, L.P., Appellee.

Terra Technical Services, LLC, Appellant,

v.

River Station Land, L.P., Appellee.

Terra Technical Services, LLC, Appellant,

v.

River Station Land, L.P., Appellee.

Supreme Court of Pennsylvania.

Argued March 11, 2015.

Decided Sept. 29, 2015.

David I. Davis, Esq., David S. Makara, Esq., Davis Bucco & Ardizzi, Conshohocken, for Terra Technical Services, LLC.

Alfred A. Gollatz, Esq., MacElree Harvey, LTD, West Chester, for River Station Land, L.P.

SAYLOR, C.J., EAKIN, BAER, TODD, STEVENS, JJ.

## OPINION ANNOUNCING THE JUDGMENT OF THE COURT

Justice STEVENS.

In this appeal we address the question of whether the Mechanics' Lien Law of 1963 [1] ("Mechanics' Lien Law") requires a claimant filing a complaint to enforce a previously filed mechanics' lien claim to docket such complaint under a term and number separate from that which had been assigned to the mechanics' lien claim itself. For the reasons that follow, we hold that it does not, and, accordingly, we reverse.

In 2007, Terra Technical Services, LLC ("Terra Technical") a Pennsylvania limited liability company, subcontracted with River Station Development which in turn entered into a

---

1. Act of August 24, 1963, P.L. 1175, No. 497 (as amended, 49 P.S. §§ 1101–1902) (the "Mechanics' Lien Law").

written contract with River Station Land, L.P. ("River Station") the terms of which provided that Terra Technical would perform demolition and debris removal of structures of various types and sizes on a seventy-six acre parcel of land owned by River Station for an agreed upon amount of $2,497,000.00. On May 22, 2009, Terra Technical provided formal notice to River Station of its intention to file a mechanics' lien claim pursuant to 49 P.S. § 1501.[2] On March 3, 2010, Terra Technical filed seventeen identical mechanics' lien claims in the Chester County Court of Common Pleas to Docket Numbers 2010–02332 through 2010–02350 [3] against designated parcels of land, including the buildings and structures thereon, wherein it alleged it had begun the demolition work on the property on July 31, 2007, and completed its contractual duties on December 23, 2008, although it did not receive the full amount of the

2. Entitled "Formal notice by subcontractor as condition precedent" this provision reads:

(a), (b) Deleted by 2006, June 29, P.L. 210, No. 52, § 3, effective Jan. 1, 2007.

(b.1) Time Period of Formal Notice. No claim by a subcontractor, whether for erection or construction or for alterations or repairs, shall be valid unless, at least thirty (30) days before the same is filed, he shall have given to the owner a formal written notice of his intention to file a claim, except that such notice shall not be required where the claim is filed pursuant to a rule to do so as provided by section 506.

(c) Contents of Formal Notice. The formal notice shall state:
(1) the name of the party claimant;
(2) the name of the person with whom he contracted;
(3) the amount claimed to be due;
(4) the general nature and character of the labor or materials furnished;
(5) the date of completion of the work for which his claim is made;
(6) a brief description sufficient to identify the property claimed to be subject to the lien.

(d) Service of notice. The notice provided by this section may be served by first class, registered or certified mail on the owner or his agent or by an adult in the same manner as a writ of summons in assumpsit, or if service cannot be so made then by posting upon a conspicuous public part of the improvement.
49 P.S. § 1501 (footnote omitted).

3. The lien claims were numbered consecutively but for numbers 02333 and 02334 which were inexplicably omitted; the same numerical omissions were made when the complaints to obtain judgment upon the claims were filed later.

agreed upon price for its services.[4]   On March 17, 2010, the Chester County Sheriff's Department served the mechanics' lien claims upon River Station.   Although River Station filed preliminary objections [5] to Terra Technical's mechanics' lien claims on January 5, 2011, and Terra Technical filed responses thereto on January 25, 2011, the trial court did not issue a ruling thereon in light of the failure of either party to take the action necessary to bring the preliminary objections before the trial court.

On March 1, 2012, Terra Technical filed seventeen complaints to obtain judgment on the corresponding mechanics' lien claims in the Chester County Court of Common Pleas to Docket Numbers 2010–02332 through 2010–02350 and served the complaints via personal service on March 9, 2012.   On March 29, 2012, River Station filed preliminary objections to the complaints wherein it incorporated the arguments it had set forth in the preliminary objections filed to the mechanics' lien claims on January 5, 2011, and it also set forth additional contentions.   Relevant to the issues before us, River Station raised preliminary objections on the basis of Pa.R.C.P. 1028(a)(1) [6] and asserted that pursuant to Pennsylvania Rules

4.   The principal amount for each lien claimed was $53,695.06.

5.   49 P.S. § 1505 provides:

**Procedure for contesting claim;  preliminary objections**

Any party may preliminarily object to a claim upon a showing of exemption or immunity of the property from lien, or for lack of conformity with this act.   The court shall determine all preliminary objections.   If an issue of fact is raised in such objections, the court may take evidence by deposition or otherwise.   If the filing of an amended claim is allowed, the court shall fix the time within which it shall be filed.   Failure to file an objection preliminarily shall not constitute a waiver of the right to raise the same as a defense in subsequent proceedings.

49 P.S. § 1505.

6.   This Rule states:

(a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:

(1) lack of jurisdiction over the subject matter of the action or the person of the defendant, improper venue or improper form or service of a writ of summons or a complaint[.]

Pa.R.C.P. 1028(a)(1).

of Civil Procedure 1651(b), 1653, and 1656(2),[7] Terra Technical's complaints did not "commence" as new civil actions because the complaints were not filed as actions separate from the underlying liens. In essence, River Station reasoned that because Pa.R.C.P. 1653(a) requires an action to obtain judgment upon a mechanics' lien claim to be filed and served as a new action and Pa.R.C.P. 1656(2) provides that the complaint must set forth the court, term, number, and the date of filing of the underlying mechanics' lien claim, Terra Technical's failure to file and serve the complaints as new actions to obtain judgment upon the mechanics' liens required that the complaints be dismissed with prejudice because they were not in accordance with the Pennsylvania Rules of Civil Procedure relating to a civil action as instructed in Pa.R.C.P. 1651(b). *See* Preliminary Objections, 3/29/12 at ¶¶ 6–9, 13, 15. Terra Technical filed answers to the preliminary objections on April 18, 2012, and its praecipes for determination on June 22, 2012.

In its single-page Order entered on July 25, 2012, the trial court sustained River Station's preliminary objections and struck Terra Technical's complaint to obtain judgment on the mechanics' lien claim at No. 10–02332. In a footnote thereto, the trial court held that under the Mechanics' Lien Law and the Pennsylvania Rules of Civil Procedure, an action to obtain judgment upon a mechanics' lien claim cannot be "maintained" as part of the mechanics' lien claim itself.[8] Instead, the trial court noted such action must be commenced by the filing of a complaint or an agreement for an amicable action and reasoned Pa.R.C.P. 1656(2) would be superfluous if a complaint may be filed to the same docket as the mechanics' lien claim.

---

**7.** Pa.R.C.P. 1651 indicates that as used in that chapter entitled "Actions Upon Mechanics' Liens," a " 'claim' means a mechanics' lien claim which has been filed[,]" and an " 'action' means an action to obtain judgment upon a claim." Pa.R.C.P. 1651(a). Pa.R.C.P. 1653 provides, in relevant part, that "[a]n action shall be commenced by filing with the prothonotary (a) a complaint, or (b) an agreement for an amicable action." Pa.R.C.P. 1653. Moreover, Pa.R.C.P. 1656(2) directs that a plaintiff shall set forth in the complaint "the court and number and the date of the filing of the claim and a copy thereof as an exhibit[.]" Pa.R.C.P. 1656(2).

**8.** The trial court entered the same Order in the remaining cases and in a footnote to each referenced its prior footnote at Docket No. 10–02332.

The trial court cited to *Tully Drilling Co., Inc. v. Shenkin,* 409 Pa.Super. 333, 597 A.2d 1230 (1991) wherein the Superior Court expressed that mechanics' lien proceedings are comprised of two, distinct phases, namely the filing and perfecting of the claim and the instituting and prosecuting of an action upon the claim, and that the documents relating to each stage are "entered in separate dockets, kept in separate files, and bear separate designations of court term and number." Trial Court Order, 7/25/12 at n. 1 *citing Tully,* 597 A.2d at 1232. The trial court made no determination regarding the various other arguments River Station had raised in its preliminary objections.

Terra Technical filed its "Motion for Reconsideration and Alternatively For Leave To File Complaint *Nunc Pro Tunc* " on August 2, 2012, and timely appeals to the Superior Court on August 21, 2012. In orders filed on August 24, 2012, the trial court denied Terra Technical's motions, and in separate orders also filed on that date, the trial court directed Terra Technical to file concise statements of the errors complained of on appeal. Terra Technical filed its Pa.R.A.P. 1925(b) statements in compliance with the trial court's directive on September 12, 2012. Among the issues it raised therein was whether the trial court had committed an error of law in sustaining River Station's preliminary objections and striking its complaints to obtain judgment on its mechanics' lien claims for its failure to file the complaints under separate court terms and numbers than those assigned to the claims. In its opinions filed pursuant to Pa.R.A.P. 1925(a), the trial court surmised Pa.R.C.P. 1653 was dispositive of that question.

In doing so, the lower court maintained a complaint or an agreement for an amicable action begins an action *sur* mechanics lien and the filing of a complaint to obtain judgment upon a mechanics' lien claim as a part of the existing claim proceeding "would not be starting or beginning anything." Trial Court Opinion, 9/19/12 at 3 (page numbers added) (emphasis omitted) *citing* GOODRICH–AMRAM 2d § 1653:1 at 511.[9] In addition, the trial court repeated its view expressed

9. Specifically, the trial court referenced the following commentary:

in its July 25, 2012, Orders that the requirement under Pa.R.C.P. 1656(2) for a copy of the mechanics' lien claim to be attached as an exhibit to the complaint would be "unnecessary and illogical if the complaint were merely a part of the same proceeding [as] the claim itself." *Id.* at 4. The trial court also addressed Terra Technical's reliance upon *Bricklayers of W. Pa. Combined Funds, Inc. v. Scott's Dev. Co.*, 41 A.3d 16 (Pa.Super.2012) *(en banc), appeal granted in part,* 619 Pa. 166, 58 A.3d 748 (2012) for the proposition that the Mechanics' Lien Law is to be liberally construed and that the result the Court reached in *Tully* had been the result of a strict interpretation of the law.[10] The trial court found this argument to

"Observation: A complaint in an action upon a mechanics' lien must set forth the court, term, number, and the date of the filing of the claim underlying the action; this indicates that the filing number for which an action is intended to be a new one, different from the claim number."

GOODRICH–AMRAM, 2d, § 1653:1 at 511 (emphasis omitted).

10. Therein, the Superior Court analyzed the issue of whether a union's employee benefits trust fund was authorized under the Mechanics' Lien Law to file a mechanics' lien claim on behalf of union members who had performed work for a construction contractor. Ultimately, the Superior Court concluded the definition of the term subcontractor as it was used in the Mechanics' Lien Law was entitled to liberal construction and the trustees, as representatives of union members, had standing to file the mechanics' liens.

On November 28, 2012, this Court granted the Petition for Allowance of Appeal limited to the following issues:

(1) Whether the Superior Court erred in concluding the Mechanics' Lien Law should be liberally construed?

(2) Whether the Superior Court erred in *sua sponte* finding that purported contracts implied in fact control the parties' rights under the Mechanics' Lien Law, not the express contract which fails 49 P.S. [§ ] 1201(5)?

(3) Whether even liberal construction of the Mechanics' Lien Law would permit an employee of a contractor to assert a claim as a "subcontractor"?

*Bricklayers of Western Pennsylvania Combined Funds, Inc. v. Scott's Development Co.*, 619 Pa. 166, 58 A.3d 748 (2012). In April of 2014, this Court reversed the Superior Court. Indicating that the primary interpretative matter therein pertained to the scope of the term "subcontractor" as it is defined in the Mechanics' Lien Law and upon noting that two, significant provisions of the law were at odds which required an inquiry behind the plain language of the statute to other factors while giving effect to the legislative intent, we ultimately concluded that the Mechanics' Lien Law did not intend for the term

be unconvincing and asserted that a more liberal interpreta-
tion of the Mechanics' Lien Law would not have altered the
result, because the plain language of the Law, which is gov-
erned by the Pennsylvania Rules of Civil Procedure, clearly
delineates the practice and procedure to obtain judgment upon
a claim. Trial Court Opinion, 9/19/12 at 4.

The Superior Court unanimously affirmed in an unpublished
memorandum opinion.[11]  When considering Terra Technical's
first argument that a complaint to obtain judgment on a
mechanics' lien claim may be filed to the same docket as the
original claim, the majority agreed with what it termed the
trial court's "well-reasoned analysis" and cited to this Court's
decision in *Brann & Stuart Co. v. Consolidated Sun Ray, Inc.*,
433 Pa. 574, 576–577, 253 A.2d 105, 106 (1969) wherein we
stated the right to a mechanics' lien is a statutory creation

"subcontractor" to subsume employees of the primary contractor.  We
found that as the union workers therein were not subcontractors, the
trustees had not been entitled to file a lien claim on their behalf, and
the Superior Court had erred when it overturned the demurrers based
upon a theory of an implied-in-fact contract.  *Bricklayers of Western
Pennsylvania Combined Funds, Inc. v. Scott's Development Co.*, 625 Pa.
26, 40, 50, 90 A.3d 682, 691, 697 (2014).

11. While River Station's preliminary objections were on the basis of
Pa.R.C.P. 1028(a)(1), the Superior Court reviewed them as if River
Station had raised them under Pa.R.C.P. 1028(a)(4) ("legal sufficiency
of a pleading (demurrer)").  In this regard, the Superior Court indicat-
ed its standard of review for an order dismissing a mechanics' lien
claim based upon a preliminary objection in the nature of a demurrer is
as follows:

When reviewing the dismissal of a [mechanics' lien claim] based
upon preliminary objections in the nature of a demurrer, we treat as
true all well-pleaded material, factual averments and all inferences
fairly deducible therefrom.  Where the preliminary objections will
result in the dismissal of the action, the objections may be sustained
only in cases that are clear and free from doubt.  To be clear and free
from doubt that dismissal is appropriate, it must appear with certain-
ty that the law would not permit recovery by the plaintiff upon the
facts averred.  Any doubt should be resolved by a refusal to sustain
the objections.  Moreover, we review the trial court's decision for an
abuse of discretion or an error of law.

*Neelu Enterprises, Inc. v. Agarwal*, 58 A.3d 828, 830 (Pa.Super.2012)
(citation omitted).  Notwithstanding, in the end the Superior Court
affirmed the trial court's order sustaining River Station's preliminary
objections.

which is available only if the legislature's conditions thereunder are strictly followed where the words of the statute are clear. In its brief discussion devoted to the issue before us, the intermediate court explained that Section 1701 of the Mechanics' Lien Law directs that the practice and procedure to obtain judgment upon a filed claim are governed by the Pennsylvania Rules of Civil Procedure which in turn provide, *inter alia*, that an action upon a mechanics' lien shall commence with the filing of a complaint or an agreement for an amicable action. *Terra Technical Services, LLC v. River Station Land, L.P.,* Nos. 2363–2386 [12] EDA 2012, unpublished memorandum at 15–16 (Pa.Super. filed July 31, 2013) *citing* 49 P.S. § 1701; Pa.R.C.P. 1653. Relying upon Pa.R.C.P. 1656(2), the appellate court stated that an action does not commence either by the filing of a mechanics' lien claim or where a party files a mechanics' lien claim and then files a complaint in the same proceeding. *Id.* at 16. Without further reasoning or discussion in this regard, it concluded Terra Technical's argument that a joint reading of the Mechanics' Lien Law and the Pennsylvania Rules of Civil Procedure does not require the initiation of a new action under a separate term and number to enforce a lien claim is "erroneous and misguided" and that Terra Technical's filing of the seventeen mechanics' lien claims on March 3, 2010, did not constitute the commencement of actions against River Station nor did its subsequent filing of the complaints to the same term and number on March 2, 2012. *Id.*

The Superior Court also found Terra Technical's claim that *Bricklayers, supra,* requires a liberal, statutory construction of the Mechanics' Lien Law to be flawed. The appellate court distinguished that case from the within matter and explained that in *Bricklayers,* this Court had limited its holding to the issue at hand when specifying that "a strict compliance standard may be used to determine certain issues of notice and/or service ... because the notice and service requirements of the Mechanics' Lien Law pertain to the creation and perfection of

12. As was the case in the trial court docket, the Superior Court docket numbers are enumerated consecutively with several numbers omitted.

a lien claim (procedural requirements)." *Terra Technical Services, LLC,* Nos. 2363–2386 EDA 2012 at 18 *quoting Bricklayers,* at 28–29. The Superior Court also stressed that in both *Tully* and *Bricklayers* a strict compliance standard with regard to the procedural requirements for actions upon a mechanics' lien claim had been upheld. *Id.* at 19.

This Court allowed limited further review to consider the following issues as framed by Terra Technical:

1. Whether the Superior Court committed an error of law in upholding the Trial Court's Order in sustaining the preliminary objections of [River Station] and striking the complaint in an action to obtain judgment on the mechanics' lien claim for the failure of [Terra Technical] to file the complaint under a separate court term and number from that of the mechanics' lien claim under the Mechanics' Lien Law 49 P.S. § 1101, *et seq.*

2. Whether the Mechanics Lien Law 49 P.S. § 1101, *et seq.,* requires a claimant filing a complaint to enforce a mechanics' lien to file such a complaint under a term and number separate from the term and number assigned to the mechanics' lien itself.

*See Terra Technical Services, LLC v. River Station Land, L.P.,* 626 Pa. 427, 97 A.3d 739 (2014) (*per curiam* ).

Terra Technical argues the decisions of the lower courts should be reversed because the plain language of the Mechanics' Lien Law does not require a complaint to enforce a mechanics' lien claim to be docketed to a separate term and number than that which had been assigned previously to the corresponding mechanics' lien claim. Rather, Terra Technical asserts the Mechanics' Lien Law states that the process to obtain a judgment upon a mechanics' lien claim shall be governed by the Pennsylvania Rules of Civil Procedure which in turn direct that the procedure to obtain judgment on a lien claim shall be commenced by the filing of a complaint with the prothonotary but are silent with regard to whether such complaint must be filed under a new term and number. Terra Technical's Brief at 9 *citing* 49 P.S. § 1701; Pa.R.C.P. § 1653

*et seq.* Terra Technical further notes that the application of the aforementioned rules is governed by Pa.R.C.P. 126 which requires their liberal construction and that any ambiguity in the Mechanics' Lien Law should be construed to encourage the most efficient disposal of the action. Terra Technical's Brief at 9–10 *citing* Pa.R.C.P. 126.[13] As such, Terra Technical reasons that even were the Mechanics' Lien Law to be strictly construed, the trial court should have viewed the complaints to enforce the lien claims in light of the longstanding doctrine of substantial compliance as it had been applied in *Tesauro v. Baird,* 232 Pa.Super. 185, 335 A.2d 792 (1975).[14] Specifically, Terra Technical stresses that the primary objectives of the Mechanics' Lien Law were fulfilled herein in that the filed complaints contained sufficient information to inform River Station about the enforcement proceedings and a copy of each lien claim was attached to its corresponding complaint. Terra Technical's Brief at 10–11. Finally, Terra Technical avers that as a practical matter, courts of common pleas across the Commonwealth have routinely filed mechanics' lien claims and the complaints to enforce them under the same docket number. Terra Technical's Brief at 11–12.

River Station replies that the determinative issue herein is not whether the Mechanics' Lien Law mandates that a complaint to obtain judgment on a mechanics' lien claim be filed under a separate docket than the mechanics' lien claim itself but rather whether the Mechanics' Lien Law and the Pennsyl-

13. In its entirety, this statute indicates that "[t]he rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." Pa.R.C.P. 126.

14. In *Tesauro,* the issue before the Superior Court was whether the service of a defective notice of the filing of a Mechanics' Lien Claim should be viewed as no notice at all, thereby invalidating the claim. The Court ultimately held that while notice requirements under the Mechanics' Lien Law will be strictly construed such that if a notice is not filed a lien will be stricken, the doctrine of substantial compliance will temper this strict construction as to the form of the notice. *Id.* at 5. Nowhere therein did the Superior Court discuss the procedure for pursuing actions upon mechanics' liens.

vania Rules of Civil Procedure require a party to commence a new action to obtain judgment upon a previously filed mechanics' lien claim, a necessary requirement of which is the assignment of a new court term and number to the complaint. River Station's Brief at 14–15. River Station adds that Pa. R.C.P. 1651–1661 are dispositive herein and reasons that because a joint reading of the aforementioned statutes clearly requires a complaint to obtain judgment on a mechanics' lien claim to be filed as a new action, Terra Technical did not commence an action when it filed its complaints under the same court and term numbers as the mechanics' lien claims, for the filing merely became part of an existing action. River Station's Brief at 17–18. River Station highlights that Pa. R.C.P. 1653 requires an action upon a mechanics' lien to be commenced by the filing of a complaint or an agreement for an amicable action and that such action is not commenced by the mere filing of a mechanics' lien claim or where a party files a mechanics' lien claim followed by a complaint in civil action to obtain judgment upon the mechanics' lien claim in the same proceeding. River Station claims a complaint to obtain judgment upon a mechanics' lien claim must be commenced as any other civil action which "necessarily, though incidentally," requires the prothonotary to assign a new court and term number and the plaintiff to serve the complaint by original service of process. River Station's Brief at 6, 11–12, 19–22 *citing* Pa.R.C.P. 1651, 1653, 1656(2).

River Station adds that Pa.R.C.P. 1652, which concerns the proper venue for the filing of an action to obtain judgment upon a mechanics' lien claim and mandates that the action shall be commenced only in the county in which the claim has been filed, "would be mere surplusage" if the action may be maintained as part of the underlying mechanics lien claim. River Station's Brief at 19 *quoting* Pa.R.C.P. 1652(a). In addition, River Station contends Pa.R.C.P. 1656's requisite that the complaint set forth the name and address of each party to the action and indicate the court terms and number along with the date of the filing of the mechanics lien claim and attach a copy thereof as an exhibit to the complaint

indicates the complaint must be filed separately as an original civil action. River Station's Brief at 19–20.

River Station further argues that Terra Technical's attempt to rely upon Pa.R.C.P. 126 and the doctrine of substantial compliance is unavailing, for it failed to comply at all with the Pennsylvania Rules of Civil Procedure as they relate to the filing of complaints to commence an action upon a mechanics' lien claim. It acknowledges that Pa.R.C.P. 126 allows courts to overlook only those procedural defects which do not prejudice an opposing party's rights and argues that to do so herein would certainly prejudice it in light of the trial court's July 25, 2012, Order striking the mechanics' liens. River Station's Brief at 24–27.

Finally, River Station asserts Terra Technical waived any argument regarding the local practice of allowing mechanics' liens to be filed to the same court term and number as their corresponding complaints for its failure to raise this claim before the trial court prior to filing its motion for reconsideration and because it filed its notice of appeal before the trial court ruled upon its motion for reconsideration rendering the issues raised therein unreviewable. River Station concludes that, notwithstanding, this Commonwealth's Rules of Civil Procedure supersede any local rules and other practices of the courts of common pleas which makes these arguments meritless. River Station's Brief at 31–36.

Terra Technical raises issues for our consideration that are questions of statutory construction which present pure questions of law, meaning our review is plenary and non-deferential. *Commonwealth v. Ramos*, 623 Pa. 420, 426, 83 A.3d 86, 90 (2013) *citing Commonwealth v. Zortman*, 611 Pa. 22, 29, 23 A.3d 519, 522–23 (2011) (citation omitted), *cert. denied*, *Zortman v. Pennsylvania*, 565 U.S. 1236, 132 S.Ct. 1634, 182 L.Ed.2d 236 (2012). When considering these claims, we are guided initially by our recent pronouncement in *Bricklayers of Western Pennsylvania Combined Funds, Inc. v. Scott's Development Co.*, 625 Pa. 26, 90 A.3d 682 (2014):

As this matter implicates an issue of statutory interpretation, our task is to determine the will of the General Assembly using the language of the statute as our primary guide." *Osprey Portfolio, LLC v. Izett,* [620] Pa. [274, 281], 67 A.3d 749, 754 (2013) (internal quotation marks omitted). *See generally* 1 Pa.C.S. § 1928(a) ("The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly."). When the words of a statute are clear and precise, reviewing courts may not disregard those words under the pretext of pursuing the "spirit" of the enactment. *See id.* § 1921(b). Where, however, there is a conflict or ambiguity, we may resort to the tools of statutory construction. *See Oliver v. City of Pittsburgh,* 608 Pa. 386, 394, 11 A.3d 960, 965 (2011). In so doing, we keep in mind that such tools are used as an aid in uncovering the intent of the Legislature, which is always the objective in matters of statutory construction. *See Commonwealth v. Baker,* 547 Pa. 214, 221, 690 A.2d 164, 167 (1997).

Mechanics' liens were unknown at common law and are entirely a creature of statute. *See Davis v. Farr,* 13 Pa. (1 Harris) 166, 169 (1850). Such liens are designed to protect persons who, before being paid (or fully paid), provide labor or material to improve a piece of property. *See generally Matternas v. Stehman,* 434 Pa.Super. 255, 264, 642 A.2d 1120, 1124 (1994) ("The Mechanics' Lien Law of 1963 was intended to protect the prepayment labor and materials that a contractor invests in another's property [.]"). Mechanics' liens accomplish this goal by giving lienholders security for their payment independent of contractual remedies. *See, e.g., Flynn Builders, L.C. v. Lande,* 814 N.W.2d 542, 545 (Iowa 2012). *See generally Sampson–Miller,* 224 Pa.Super. at 26–27, 303 A.2d at 43 (indicating that mechanics' liens "represent a special remedy in favor of a unique class of creditors").

*Id.,* at 39–40, 90 A.3d at 690 (footnote omitted).

■ Portions of a statute are to be read in their totality. *See* Pa.C.S. § 1921(a) (a statute shall be construed to give

effect to all of its provisions); Pa.C.S. § 1933 (if general and special provisions of a statute conflict, they shall be construed to give effect to both). Generally, the practice and procedure regarding the filing and perfecting of a mechanics' lien claim are regulated by Sections 501 through 510 of the Mechanics' Lien Law, while the practice and procedure to obtain judgment upon a claim are set forth in Sections 701 thereof. *See* 49 P.S. §§ 1501–1510; 1701–1706. Herein, our analysis centers around the manner in which an action to obtain judgment upon a mechanics' lien claim must proceed, and in this regard Section 1701(a) of the Mechanics' Lien Law provides that "[t]he practice and procedure to obtain judgment upon a claim filed shall be governed by the Rules of Civil Procedure promulgated by the Supreme Court." 49 P.S. § 1701(a). As this question involves the proper interpretation and application of Pa.R.C.P. 1651–1661, which regulate the institution and progression of an action upon a mechanics lien, it is one of law; therefore our standard of review is *de novo*. *Bruno v. Erie Ins. Co.*, 630 Pa. 79, 106 A.3d 48, 73 (2014) (citation omitted). The fundamental precepts set forth in Pa.R.C.P. 127 guide our interpretation of our Rules of Civil Procedure and read as follows:

**Rule 127. Construction of Rules. Intent of Supreme Court Controls**

(a) The object of all interpretation and construction of rules is to ascertain and effectuate the intention of the Supreme Court.

(b) Every rule shall be construed, if possible, to give effect to all its provisions. When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

(c) When the words of a rule are not explicit, the intention of the Supreme Court may be ascertained by considering, among other matters (1) the occasion and necessity for the rule; (2) the circumstances under which it was promulgated; (3) the mischief to be remedied; (4) the object to be attained; (5) the prior practice, if any, including other rules and Acts of Assembly upon the same or

similar subjects; (6) the consequences of a particular interpretation; (7) the contemporaneous history of the rule; and (8) the practice followed under the rule.

Pa.R.C.P. 127. *See also Bruno v. Erie Ins. Co.*, 106 A.3d at 73–74.

Although Terra Technical frames the issues before us as being of first impression in the Commonwealth, *See* Terra Technical's Brief at 9, in a recently published opinion, the Superior Court reached a result which is in direct conflict with the decision it reached herein. In *Hogg Const., Inc. v. Yorktowne Medical Centre, L.P.*, 78 A.3d 1152 (Pa.Super.2013), *appeal denied*, 624 Pa. 697, 87 A.3d 816 (2014) (table),[15] the Superior Court considered, *inter alia*, the appellant's contention that the trial court erred in relying upon *Tully, supra*, when concluding it did not comply with the requirements of Pa.R.C.P. 1653(a) because the complaint had not been docketed to a separate number than that assigned to the previously filed claim.[16] The Superior Court agreed and in doing so reasoned as follows:

Nowhere in the rules does it expressly state that the complaint **must** be filed at a docket number separate from the docket number assigned to the mechanics' lien claim. More importantly, nowhere in the rules does it state that failure to file the complaint at a separate docket number is fatal, requiring the striking of the claim or a dismissal of the action. In fact, Rule 1659 of the Rules of Civil Procedure lends support to the conclusion that it is not mandatory that a complaint commencing the action be filed at a docket

15. A published decision in this matter initially was filed on October 1, 2013, *See Hogg Const., Inc. v. Yorktowne Medical Centre, L.P.*, 2013 WL 5469798 (Pa.Super. Oct. 1, 2013) but was superceded by this Opinion which was filed on October 16, 2013.

16. Terra Technical does not refer to this case at all, while River Station deems it to have set a dangerous precedent. In doing so, River Station reasons the Superior Court relied exclusively on Pa.R.C.P. 1659 which it deems to have been irrelevant to the issue before the court and asserts that one's due process rights will be violated were an action to obtain judgment upon a mechanics' lien claim permitted to be filed as part of the claim itself without original service. *See* River Station's Brief at 22 n 11.

number separate from the mechanics' lien claim. Rule 1659 provides:

> If a claimant has filed a [mechanics' lien] claim and does not file a complaint, the prothonotary,[1] upon praecipe of an owner, shall enter a rule as of course upon the claimant to file a complaint within twenty days after service of the rule, or be forever barred from so doing. If the claimant fails to do so, the prothonotary, upon praecipe of the owner and proof of service, shall enter judgment for the defendant.

Pa.R.C.P. 1659.

Under this rule, the owner may praecipe for a rule directing the claimant to file a complaint within 20 days. It is only logical that the praecipe would be filed, and the rule would be issued, at the same docket number as the mechanics' lien claim. In turn, the claimant must file a complaint in response to the rule. Again, there is no express prohibition to filing the complaint at the same docket number as the rule which directed that the complaint be filed. In fact, it would seem more efficient and less likely to result in confusion if the complaint is filed at the same docket number as the rule directing that it be filed. Finally, under this rule, if a complaint is not filed timely, the prothonotary shall enter judgment for the defendant. At this stage, the only docket number that would exist in such a situation is the docket number assigned to the mechanics' lien claim. Thus, if a complaint is not filed in response to the rule, judgment upon the claim will be entered at the same docket number as the claim.

[1] The Mechanics' Lien Law defines "Prothonotary" as "the prothonotary of the court or courts of common pleas of the county or counties in which the improvement is situate." 49 P.S. § 1201(13).

*Hogg Const., Inc. v. Yorktowne Medical Centre, L.P.*, 78 A.3d 1152, 1157–1158 (Pa.Super.2013) (footnote omitted) (emphasis and brackets in original). The Superior Court also indicated it was mindful of Pa.R.C.P. 126 and noted the respondents never advanced an argument that their rights had been negatively

affected by the appellant's filing of the mechanics' lien claim and complaint to the same docket number. *Id.* at 1158. The appellate court concluded by reasoning that the portion of its analysis in *Tully* indicating separate docket numbers are required for mechanics' lien claims and their corresponding complaints constitutes *dicta*. *Id.* at 1158 n. 3.

In *Tully*, the issue before the Superior Court was whether the claimant's failure to file a complaint with the prothonotary to obtain judgment upon its mechanics' lien claim within the two-year time frame as required in 49 P.S. § 1701(b) must result in the striking of that claim upon application of the owner. *Tully*, 597 A.2d at 1231. The *Tully* court's discussion regarding the twofold nature of the proceedings, as the Superior Court more recently described as *dicta* in *Hogg*, is indeed that, for no timely complaint was ever filed and it was this factor which the intermediate court deemed to be determinative therein. *See Tully*, 597 A.2d at 1232. Moreover, the *Tully* court provided no statutory authority or citation to caselaw in support of its assertion that the documents relating to each stage bear separate court term and number designations and are filed separately, other than its reference to Pa.R.C.P. 1653. *Id.*

To the contrary, an application of the principles set forth in Pa.R.C.P. 127 evinces that while the plain language of Pa. R.C.P. 1651 and 1653 requires the filing of a mechanics' lien claim and the subsequent commencement of an action *via* the filing of a complaint or an agreement for an amicable action to obtain judgment upon that claim with the prothonotary, these statutes simply do not mandate that such filings bear separate docket numbers and/or be physically separated upon filing. But *cf. Tully*, 597 A.2d at 1232. This construction is supported by the fact that such a requirement is not evident in the additional Rules of Civil Procedure governing actions upon mechanics' liens.

Pa.R.C.P. 1656 indicates a complaint must include:

(1) the name and address of each party to the action and, if the action is commenced by a subcontractor, the name and address of the contractor;

(2) the court and number of the date of the filing of the claim and a copy thereof as an exhibit;

(3) a demand for judgment.

Pa.R.C.P. 1656. The lower courts attached great significance to Pa.R.C.P. 1656(2) in support of their finding that such language would be unnecessary were there no need for separate dockets. While it may be the practice in some courts of common pleas in the Commonwealth to issue a new docket number to complaints filed *sur* mechanics' lien claims, as the Superior Court noted in *Hogg,* Pa.R.C.P. 1656 is silent in this regard, as are Pa.R.C.P. 1651–1661. In contrast, the General Assembly specifically included such a requirement in the Mechanics' Lien Law with regard to the procedure for the filing of a rule to file a claim. 49 P.S. § 1506, entitled **"Rule to file claim,"** reads:

(a) Entry of rule; effect. At any time after the completion of the work by a subcontractor, any owner or contractor may file a rule or rules, as of course, in the court in which said claim may be filed; requiring the party named therein to file his claim within thirty (30) days after notice of said rule or be forever barred from so doing. The rule shall be entered by the prothonotary upon the judgment index and in the mechanics' lien docket. Failure to file a claim within the time specified shall operate to wholly defeat the right to do so. **If a claim be filed, it shall be entered as of the court, term and number of the rule to file the same.**

49 P.S. § 1506 (emphasis added).

Indeed, a reading of the remaining salient portions of the statutes pertaining to actions upon mechanics' liens evinces that Pa.R.C.P. 1656(2) is germane in circumstances which would not require a complaint to be filed to a new docket number. As the Superior Court stressed in *Hogg,* Pa.R.C.P. 1659 indicates an owner's praecipe for a rule directing a claimant to file a complaint within twenty days, and the claimant's subsequent filing of the complaint in response to the rule, logically would be filed to the existing docket number as would the issuance of the rule. In addition, the prothonotary's entry of judgment if a complaint had not been filed

necessarily would be to the same docket number as the previously filed claim.

Also of import for our analysis is Pa.R.C.P. 1652(b), pertaining to venue and stating that "[w]here the property liened is located in more than one county and claims have been filed in more than one county, the action may be brought in any such county." Pa.R.C.P. 1652(b). While River Station contends this rule would be unnecessary were it possible for an action to obtain judgment upon a mechanics' lien claim to be maintained as part of the underlying claim, it cited only Subsection (a) in support of this argument; under Subsection (b) it is feasible for a complaint to obtain judgment upon several previously filed lien claims against property situated in several counties to be filed in just one of those counties. Under such circumstances, the mandates of Pa.R.C.P. 1656(2) would be apposite, for the existing claims in the other counties would not be a part of the docket assigned to the complaint filed in a single county. Furthermore, Pa.R.C.P. 1657 provides "[n]o other cause of action may be joined with an action to obtain judgment on a [mechanics' lien] claim except that where the improvement is located in more than one county and claims have been filed in more than one of said counties the plaintiff may join the claims in a single action." Pa.R.C.P. 1657. Once again, the joining of multiple, previously filed mechanics' lien claims in a single complaint to obtain judgment thereon would explain a need for the complaint to set forth the court and number and date of filing of all prior claims and to attach them as an exhibit, as such information would not be readily available in the complaint's docket.[17]

17. This provision parallels 49 P.S. § 1701(c) "Venue; Property in More Than One County." which states:

Where a claim has been filed in more than one county as provided by section 502(b), proceedings to obtain judgment upon all the claims may be commenced in any of the counties and the judgment shall be res adjudicata as to the merits of the claims properly filed in the other counties. The judgment may be transferred to such other county by filing of record a certified copy of the docket entries in the action and a certification of the judgment and amount, if any. The prothonotary of the court to which the judgment has been transferred shall forth-

Moreover, 49 P.S. § 1503 indicates a mechanics' lien claim shall state:

(1) the name of the party claimant, and whether he files as contractor or subcontractor;

(2) the name and address of the owner or reputed owner;

(3) the date of completion of the claimant's work;

(4) if filed by a subcontractor, the name of the person with whom he contracted, and the dates on which preliminary notice, if required, and of formal notice of intention to file a claim was given;

(5) if filed by a contractor under a contract or contracts for an agreed sum, an identification of the contract and a general statement of the kind and character of the labor or materials furnished;

(6) in all other cases than that set forth in clause (5) of this section, a detailed statement of the kind and character of the labor or materials furnished, or both, and the prices charged for each thereof;

(7) the amount or sum claimed to be due; and

(8) such description of the improvement and of the property claimed to be subject to the lien as may be reasonably necessary to identify them.

49 P.S. § 1503. The fact that Pa.R.C.P. 1656 requires very little in the way of specific averments suggests the need for a more detailed complaint is obviated because the essential information enumerated above must be contained in the mechanics' lien claim which also must be attached to the complaint.

■ The words of the statutes at issue herein are clear that a mechanics' lien claim is a necessary precursor to an action for judgment thereon and that without a complaint or an agreement for an amicable action, no action upon a mechanics' lien claim commences. Thus, Terra Technical's filing of the mechanics' lien claims without more merely served as collater-

with index it upon the judgment index and enter it upon the mechanics' lien docket.

49 P.S. § 1701(c) (footnote omitted).

al to any judgment which may have been rendered in subsequent properly filed actions for judgment on the amounts of those liens. However, it is not the docket number which renders a complaint an action to obtain judgment, but rather it is the proper filing of it with the prothonotary and the proper service of it upon the opposing party.[18] We are not empowered to look past the specific language in Pa.R.C.P. 1651–1661 which the General Assembly instructed governs actions upon mechanics' liens and insert words to effectuate requirements and consequences that simply are not there. The lower courts have done just that, for relying upon *Tully, supra,* they discerned a need for both a physical and substantive division of a mechanics' lien claim and action to obtain judgment therein, *i.e.* "two distinct phases kept in two separate files[.]"[19] In requiring Terra Technical's seventeen complaints to obtain judgment upon the seventeen preexisting mechanics' lien claims to be filed to separate dockets and in divining that its failure to do so required their dismissal, the lower courts erroneously expanded the scope of the rules pertaining to actions upon mechanics' liens, and in particular Pa.R.C.P. 1656(b), beyond their plain terms.

▮ Finding no ambiguity in the terminology contained in Pa.R.C.P. Nos. 1651–1661, we need not "resort to extraneous policy considerations to define them, as such considerations

**18.** Pa.R.C.P. 1655 which pertained to service of the complaint was rescinded on June 20, 1985, effective January 1, 1986; nevertheless, the Note thereto indicates that Pa.R.C.P. 400 *et seq.* should be consulted for service of original process. In addition, Pa.R.C.P. 1651(b) directs that "[e]xcept as otherwise provided in this chapter, the procedure to obtain judgment upon a claim shall be in accordance with the rules relating to a civil action." Pa.R.C.P. 1651(b).

**19.** We are cognizant of references within the Mechanics' Lien Law to the "Mechanics' Lien Docket" *See e.g.* 49 P.S. § 1701(c), *supra;* 49 P.S. § 1507 (stating "[t]he prothonotary shall enter the claim, verdict and judgment upon the judgment index and mechanics' lien docket against the owner. When a claim, verdict or judgment is stricken, reversed or satisfied, or the name of a defendant is stricken, or an action upon the claim to reduce it to judgment is discontinued, or judgment is entered thereon in favor of the defendant, a note shall be made on the judgment index."). Our decision herein should in no way suggest courts of common pleas cannot henceforth continue to maintain a separate mechanics' lien docket.

become determinative only when the 'words of a rule are not explicit.' " *Bruno, supra,* at 74–75 n. 21 *citing* Pa.R.C.P. 127(c). While the mechanics' lien claim is a necessary precursor to an action for judgment thereon, we conclude there is no support for the proposition that because actions upon mechanics' liens are comprised of two separate phases it follows that Terra Technical's claims and its subsequent actions to obtain judgment upon them must have been entered at separate dockets, maintained in separate files, and identified with separate court terms and numbers. The Order of the Superior Court affirming the trial court's Order sustaining River Station's Preliminary Objections and striking Terra Technical's Complaints in Civil Action to Obtain Judgment on the Mechanics' Liens is reversed and the case is remanded to the Superior Court for further proceedings consistent with this Opinion. Jurisdiction relinquished.

Justice BAER joins the lead opinion.

Chief Justice SAYLOR files a concurring opinion in which Justice TODD joins.

Justice EAKIN files a concurring opinion.

Chief Justice SAYLOR, concurring.

I concur in the result reached by the Court, albeit on different grounds.

The rules governing the filing of complaints based on mechanic's lien claims are, to my mind, materially ambiguous. On the one hand, Rule 1656, by its terms, contemplates that the filing of such a complaint will commence a new action at a new docket number. It requires that "the court and number and the date of the filing of the [mechanic's lien] claim" be attached to the complaint, Pa.R.C.P. 1656(2). A requirement along these lines makes little sense in situations where the complaint is filed at the same docket number as the mechanic's lien claim. Furthermore, the mandate applies to all such complaints, not only to those encompassing claims from multiple counties. *Cf.* Opinion Announcing the Judgment of the

Court (OAJC), at 192, 124 A.3d at 302 (noting that subsection 1656(2) "would be apposite" to a multi-county scenario).

I also find salience in the common pleas court's observation that a complaint is described as "commenc[ing]" the litigation, Pa.R.C.P. 1653, and not as a second or subsequent step. *See Terra Technical Servs., LLC v. River Station Land, L.P.,* No. 10–02332, *slip op.* at 3 (C.P. Chester Sept. 18, 2012).

On the other hand, and as the lead Justices aptly observe, use of the same docket number is not affirmatively prohibited by the rules. *See* OAJC, at 190–91, 124 A.3d at 301. As well, the Superior Court has pointed out that: Rule 1659 allows a property owner to praecipe a mechanics' lien claimant to file a complaint; the praecipe would be filed, and the rule issued, at the same docket number as the claim; and if the claimant files a complaint in response, it would be most efficient and least confusing if the complaint is filed at the same docket number as the rule directing that it be filed. *See Hogg Constr., Inc. v. Yorktowne Med. Ctr., L.P.,* 78 A.3d 1152, 1157 (Pa.Super.2013), *alloc. denied,* 624 Pa. 697, 87 A.3d 816 (2014). *See generally* OAJC, at 191–92, 124 A.3d at 301–02 (discussing this aspect of *Hogg* ).

In resolving this ambiguity, I would rely on the principle of liberal construction as articulated in Rule 126. That rule provides, in full:

> The rules [of civil procedure] shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

Pa.R.C.P. 126.

Here, a liberal construction in conformance with Rule 126 would favor the permissibility of Terra Tech's use of the same docket numbers as the corresponding claims. Notably, as well, River Station has not suggested that it was prejudiced in any concrete way by Terra Tech's action in this regard. River Station does not maintain, for example, that it did not receive adequate process or that it was unaware of the claim asserted

or the supporting facts. Rather, River Station only states that, if Terra Tech prevails in this litigation, it will have to pay Terra Tech. *See* Brief for Appellee at 26–27. However, this does not mean its "substantial rights" would be affected as that term is used in Rule 126.

In light of the foregoing, I agree with the lead Justices' ultimate conclusion that Terra Tech did not err in using the same docket number for its complaints, and accordingly, that the common pleas court should not have sustained River Station's preliminary objections and stricken the complaints.

Justice TODD joins this concurring opinion.

Justice EAKIN, concurring.

I agree that absent some other impropriety, the docket number assigned to an otherwise proper complaint is not determinative of the complaint's validity.

There is merit to the view the term and number on the lien and complaint must be distinct. The Mechanics Lien Law clearly anticipates a mechanics' lien docket, *see* 49 P.S. § 1507, which, *ipso facto,* means a distinct docket for that purpose. Pennsylvania Rule of Civil Procedure 1656(2) requires the complaint to include "the court and number and the date of filing of the claim and a copy thereof as an exhibit"—further support there is a distinction between the complaint and the "court and number" of the filed claim. Pa.R.C.P. 1656(2). Moreover, although it appears to speak based on practical experience rather than precedent, *Tully Drilling Company v. Shenkin,* 409 Pa.Super. 333, 597 A.2d 1230 (1991), enumerates separate dockets, files, and numbers. *See id.,* at 1232. Accordingly, the trial court's decision to require separate docket numbers has at least facial support.

Yet, while there is contemplation of separate docketing, there is no *mandate* of separate docketing. Such an absence violates neither statute nor Rule, and *Tully's* pronouncement constitutes *dicta.* Thus, what happened here violates no law. However, the absence of illegality leaves the question of whether the repetition of docket numbers was somehow preju-

dicial to appellee. If it implied the complaint was not an effort to enforce the claim, such might be the case, but the notice to plead, which appellant included with each complaint, makes that implication a nullity.

The record reveals the mechanics' lien claims were entered on the "regular" civil docket, with a designation of "MJ" after the number. *See, e.g.,* Case Summary Report, 100 MAP 2014, 9/21/12, at 1. The subsequent complaints were docketed on the same civil docket. *See, e.g., id.,* at 3. While this administrative fact may be inconsistent with the contemplation of the statute and Rules, it is a fact nonetheless. Therefore, as both the complaints and claims would be discoverable by a search of the single civil docket, there appears no purpose or value to assigning a different number to the complaint. Instead, the key is whether the complaints were valid, and the record shows they were.