J-A13025-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NORTHEAST CONSTRUCTION, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| OLD YORK, LLC | : | |
| | : | |
| Appellant | : | No. 2459 EDA 2021 |

Appeal from the Order Entered October 19, 2021
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2020-04616

BEFORE:  OLSON, J., DUBOW, J., and KING, J.

MEMORANDUM BY DUBOW, J.:　　　　　　　　　**FILED JULY 20, 2022**

Appellant, Old York, LLC ("Old York"), appeals from the October 19, 2021 Order, entered in the Montgomery County Court of Common Pleas, denying its Motion to Strike Mechanic's Lien and granting the Cross-Motion for Leave to File Amended Lien Claim filed by Appellee, Northeast Construction, Inc. ("Northeast").  We quash this appeal as interlocutory.

The relevant facts and procedural history are as follows.  On March 11, 2020, Northeast filed a mechanics' lien claim against Old York for nonpayment of services allegedly provided by Northeast.  On May 8, 2020, Old York filed Preliminary Objections to the claim, which the trial court overruled on November 23, 2020.

On December 14, 2020, Old York filed an Answer to Northeast's claim. On January 4, 2021, Northeast filed an Answer to New Matter.

On February 19, 2021, Old York filed a Motion to Strike Mechanics' Lien Claim on the grounds that Northeast had incorrectly identified itself as the lienholder when filing the mechanics' lien claim almost one year earlier. Old York asserted for the first time that Northeast had erroneously filed the mechanics' lien claim in the name of "Northeast Construction, Inc.," an entity with a registered place of business at 410 Jefferson Avenue, Scranton, instead of in the name of "Northeast Construction Contractors, Inc.," an entity with a registered place of business at 8353 Hegerman Street, Philadelphia. Old York concluded that, because the Mechanics' Lien Law limits claims to contractors who actually provide services on the property in question, Northeast had failed to perfect its claim and, therefore, the court should strike the lien.

Northeast opposed the motion and, on March 22, 2021, filed its Cross-Motion for Leave to Amend Lien Claim to correct the misidentification. Northeast conceded that it had identified itself on the mechanics' lien claim by its abbreviated name "Northeast Construction, Inc." rather than as "Northeast Construction Contractors, Inc." Northeast explained that it did so to "align with the name . . . identified in its [construction contract] with [Old York]." Cross-Motion, 5/22/21, at ¶ 51. Northeast asserted that the Mechanics' Lien Law did not preclude the kind of amendment it sought, that Old York had been aware of the true identity of the lienholder at all relevant times, and that its proposed amendment would not prejudice Old York.

Old York opposed Northeast's request for leave to amend, on the grounds that, among other things, Northeast's request to amend the claim

after expiration of both the time for filing a new mechanics' lien claim and for amending the existing claim to substitute any of the parties would prejudice it and violate the mandate to strictly construe the Mechanic's Lien Law.

On October 19, 2021, the trial court issued an Order denying Old York's Motion to Strike and granting Northeast's Motion to Amend.

This appeal followed.  Both Old York and the trial court have complied with Pa.R.A.P. 1925.

Old York raises the following three issues on appeal:

1. Whether the [l]ower [c]ourt erred when it considered a motion to amend the [c]laim filed by a non-party who did not obtain approval to intervene?

2. Whether the [l]ower [c]ourt erred in granting [Northeast's] "Cross-Motion for Leave to Amend Claim per 49 P.S. § 1504," which effectively added a new claimant and created a new claim after the statutory time limits set forth in the Lien Law had expired?

3. Whether the [l]ower [c]ourt erred by denying [Old York's] Motion to Strike once it was admitted that the [c]laim and the new lien claim filed by [Northeast] failed to conform with the Lien Law?

Old York's Brief at 10.

Before we address the merits of Old York's issues, we consider whether the trial court's order is appealable. *In re Miscin*, 885 A.2d 558, 560-61 (Pa. Super. 2005).  "The question of the appealability of an order goes directly to the jurisdiction of the Court asked to review the order." *Moyer v. Gresh*, 904 A.2d 958, 963 (Pa. Super. 2006) (citation omitted).

Generally, "unless otherwise permitted by statute, only appeals from final orders are subject to appellate review." **Commonwealth v. Sartin**, 708 A.2d 121, 122 (Pa. Super. 1998) (citation omitted). In relevant part, Pennsylvania Rule of Appellate Procedure 341 defines a "final order" as any order that "disposes of all claims and of all parties[.]" Pa.R.A.P. 341(b)(1).[1]

The Order at issue here is not final as it does not dispose of all claims and of all parties. **See Lubetsky v. Dean**, 142 A.2d 359, 359 (Pa. Super. 1958) ("No appeal lies from an order discharging a rule to strike off a mechanic's lien as such order is interlocutory, not being a definitive decree or judgment."). In addition, Old York did not ask for or receive permission to appeal the Order pursuant to Rule 312.[2] Old York asserts that the Order is immediately appealable as it is both collateral pursuant to Rule 313 and appealable as of right pursuant to Rule 311. We address these assertions in turn.

Pennsylvania Rule of Appellate Procedure 313 defines a collateral order as one that: "1) is separable from and collateral to the main cause of action; 2) involves a right too important to be denied review; and 3) presents a question that, if review is postponed until final judgment in the case, the claim will be irreparably lost." **In re Bridgeport Fire Litig.**, 51 A.3d 224, 230 n.8 (Pa. Super. 2012); Pa.R.A.P. 313(b).

---

[1] Rule 341 also defines a "final order" as any order "entered as a final order pursuant to [Pa.R.A.P. 341(c)]." Pa.R.A.P. 341(b)(3).

[2] Pa.R.A.P. 312 provides for appeals from interlocutory orders by permission.

With respect to the second prong, importance, "it is not sufficient that the issue be important to the particular parties." ***Cabot Oil & Gas Corp. v. Speer***, 241 A.3d 1191, 1196–97 (Pa. Super. 2020) (citation omitted). Instead, the issue "must involve rights deeply rooted in public policy going beyond the particular litigation at hand." ***Id.*** at 1197 (citation omitted).

Our Supreme Court has emphasized that:

> [T]he collateral order doctrine is a specialized, practical application of the general rule that only final orders are appealable as of right. Thus, Rule 313 must be interpreted narrowly, and the requirements for an appealable collateral order remain stringent in order to prevent undue corrosion of the final order rule. To that end, each prong of the collateral order doctrine must be clearly present before an order may be considered collateral.

***Melvin v. Doe***, 836 A.2d 42, 46-47 (Pa. 2003) (internal citation omitted).

Relying primarily on an unpublished, non-precedential memorandum opinion of this Court, ***Zimmerman Slate Roofing Specialists, LLC v. Seidner***, No. 418 EDA 2013, 2014 WL 10979803 (Pa. Super. filed Mar. 31, 2014),[3] Old York argues that the appealed Order is collateral because Northeast perfected the mechanics' lien in violation of the Mechanics' Lien Law, which resulted in the encumbrance of Old York's property. Old York's Brief at 2-4. Old York claims that the issues implicated by the Order refusing

---

[3] Even if ***Zimmerman*** were controlling, we would find it distinguishable. In ***Zimmerman***, this Court affirmed an order denying a motion to strike a mechanics' lien where the underlying motion alleged that the claimant failed to perfect the statutory **notice** and **service** requirements attendant to a perfected mechanics' lien. ***See Zimmerman***, 2014 WL 10979803 at \*7. The ***Zimmerman*** Court did not explain the basis of this Court's jurisdiction over the interlocutory order.

to strike the lien are too important to be denied review because mechanics' lien claims are "creatures of statute," and, therefore, a claimant must strictly comply with the Mechanics' Lien Law. *Id.* at 5. Old York argues that permitting Northeast to amend its claim after the statutory limitations period constitutes an abuse of the Mechanics' Lien Law and causes Old York "severe prejudice." *Id.* Old York asserts that its claims will be irreparably lost if review of the Order is postponed until final judgment because, if amendment is permitted, Old York will "be forced, effectively, to defend against a new, improper [m]echanic's [l]ien on the merits without the right to challenge the new claim as untimely." *Id.* at 5-6.

We are unpersuaded by Old York's arguments. First, whether the trial court properly permitted Northeast to amend the name of the mechanics' lien claimant after the time to do so had expired is an issue that merely affects the rights of the parties and does not implicate other entities or public policy generally. In addition, Old York has not lost the right to challenge the trial court's decision to permit Northeast to amend the claim; Old York may appeal that decision after the trial court enters a final judgment. Having failed to demonstrate that the Order satisfies each of the prongs of the collateral order test, we conclude that Rule 313 does not support our exercise of jurisdiction over this appeal.

Old York also argues that this Court has jurisdiction over its appeal pursuant to Rule 311(a)(1) and (a)(2) because "the order affected two 'Judgments' indexed of record." Old York's Brief at 6-7. We disagree.

The relevant subsections of Rule 311 permit interlocutory appeals as of right from "[a]n order refusing to open, vacate or strike off a judgment" and "[a]n order confirming, modifying, dissolving, or refusing to confirm, modify[,] or dissolve an attachment, custodianship, receivership, or similar matter affecting the possession or control of property[.]" Pa.R.A.P. 311(a)(1), (2).

The trial court's order refused to strike Northeast's mechanics' lien claim. A mechanics' lien is not a judgment. *See Terra Tech. Servs., LLC v. River Station Land, L.P.*, 124 A.3d 289, 299 (Pa. 2015) (explaining that the filing of a mechanics' lien claim merely serves as collateral to any judgment which may be rendered in a subsequent properly filed action for judgment on the amount of the lien). Furthermore, Rule 311(a)(2) is plainly inapplicable to an order pertaining to a "mechanics' lien" as a lien is not "an attachment, custodianship, [or] receivership." Moreover, Mechanics' liens do not affect the possession or control of property. *See id.* (explaining that a mechanics' lien protects "the prepayment labor and materials that a contractor invests in another's property" and gives the lienholder "security for their payment independent of contractual remedies.") (citation omitted)). Accordingly, we conclude that the trial court's order is not appealable pursuant to Rule 311(a).

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/20/2022