## Kurrie *v.* Cottingham, Appellant.

*Appeals—Interlocutory order—"Definite" judgment, order or decree—Act of June 4, 1901, sec. 59.*

The word "definite" preceding the words "judgment, order or decree" in section 59 of the act of June 4, 1901, is not to be taken in the ordinary sense as "clear or unambiguous," but in the sense of "definitive" as opposed to interlocutory.

*Appeals—Interlocutory order—Mechanic's lien—Striking off appeal.*

Where à subcontractor agrees that no liens shall be filled by him, and that if they are filed any attorney may appear and strike them off, and a rule is taken by a receiver for the owner of the building to show cause why an attorney should not enter an appearance for the lien claimant, and mark the lien discontinued and satisfied, an order discharging the rule is interlocutory, and no appeal lies from it.

Argued March 25, 1904.     Appeal, No. 61, Jan. T., 1904, by defendant, from order of C. P. No. 3, Phila. Co., Dec. T., 1903, No. 5718, M. L. D., discharging rule to show cause why an attorney should not enter an appearance and strike off a mechanic's lien, in case of George R. Kurrie v. Lewis K. Cottingham, Receiver of Belgravia Apartments Company.    Before DEAN, FELL, MESTREZAT, POTTER and THOMPSON, JJ. Appeal dismissed.

Appeal from order discharging rule to show cause why an attorney should not enter an appearance and discontinue, satisfy or strike off a mechanic's lien.

The opinion of the Supreme Court states the case.

*Error assigned* was the order of the court.

*G. ·Von Phul Jones*, with him *Avery D. Harrington*, for appellant, cited as to the right of appeal: Act of June 4, 1901, sec. 59; Converse v. Burrows, 2 Minn. 229; Walker v. Chicago, 56 Ill. 277.

*Frank P. Prichard*, for appellee, cited as to the appeal: Ballman v. Heron, 160 Pa. 377·; Bohem v. Seel, 185 Pa. 382.

PER CURIAM, April 11, 1904:

The plaintiff filed a lien for work and materials against a building known as "The Belgravia Apartment House" in Philadelphia for $6,654.66, setting out the names of those he alleged to be the contractors and owners or reputed owners. There was a written contract between the principal contractors, Machin & Brown and DeHoff, the owner; the plaintiff in the lien was a subcontractor and agreed no lien should be filed for work and materials furnished by him, and that if any were filed any attorney might appear, discontinue, satisfy or strike it off. Before a sci. fa. was issued on the lien the appellant, Cottingham, was appointed receiver for the Belgravia Apartments Company and took a rule to show cause why its attorney should not enter an appearance for the lien claimant and mark the lien discontinued or satisfied. The court below discharged the rule and Cottingham, the receiver, brings this appeal, alleging that in discharging the rule the court below erred. This appeal from the decree being plainly interlocutory, it does not lie unless by statutory authority. Appellant points us to the 59th section of the act of June 4, 1901, as follows :

"From any definite judgment, order or decree, entered by the court of common pleas, under any of the provisions of this act, or from the refusal to open a judgment entered by default, an appeal may be taken by the party aggrieved to the Supreme Court or Superior Court, as in other cases."

The decree discharging the rule was, doubtless, a definite decree, but we think the word definite was not intended to have its ordinary meaning in the statute, that is, the same as "clear" or unambiguous. In the regular proceedings before final judgment in an issue, there are scores of decrees incidental to a preparation for trial, which the court makes on motion of one side or the other, all of them clear and unambiguous, therefore definite decrees. Surely it was not intended an appeal should lie from each to an appellate court; if so, when would a case reach a jury? Before the decree of this court is remitted in this case and the case reaches a trial in the court below the best part of a year will have elapsed; but before a jury is called some other incidental definite decree may be made from which another appeal may be taken and so it will go on ad infinitum.

If the construction put upon this section by appellant be the correct one, we doubt if it would stand in face of the declaration of rights that " every man shall have remedy without sale, denial or delay." In many cases the delay in reaching a final judgment would extend beyond the lifetime of the ordinary suitor. To give the word such a meaning in this statute would make it absurd. We think it was used in the same sense as " definitive " is used when prefaced to a decree, order or judgment, that is, opposed to interlocutory. It is put in the same sentence in juxtaposition with the right to appeal from the decree of refusal to open a judgment by default; such a decree would be definitive or final. Such is the meaning we are clear it was intended to have in this act; it was not final and therefore no appeal lies. The appeal is dismissed at costs of appellant.