Lubetsky *v.* Dean et al., Appellants.

Argued April 15, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Louis Vaira,* for appellants.

*Saul Davis,* for appellee.

OPINION PER CURIAM, June 11, 1958:

This is an appeal from an order of the court below refusing to strike from the record a mechanic's lien and allowing plaintiff to amend.

Defendants as owners filed a petition to strike off a mechanic's lien as originally filed on the grounds that the materials furnished were not sufficiently described, that the building was not properly described, and that the affidavit of service of notice of filing the lien was defective. Plaintiff filed an answer to defendants' petition, and also a petition to amend. After argument the court below granted defendants' petition to strike off the lien. On a petition for reargument the court in banc revoked, vacated, and set aside its

previous order and reinstated the mechanic's lien; defendants' rule to strike off the lien was dismissed and plaintiff's rule to amend his claim was made absolute.

Plaintiff has filed a motion to quash defendants' appeal. No appeal lies from an order discharging a rule to strike off a mechanic's lien as such order is interlocutory, not being a definitive decree or judgment. *Breitweiser Company v. Scott*, 33 Pa. Superior Ct. 627. If a final order is made granting judgment on the scire facias sur mechanic's lien, an appeal may be taken. *Miller v. Fitz*, 41 Pa. Superior Ct. 582, 584. Section 59 of the Mechanics' Lien Act of June 4, 1901, P. L. 431, 49 PS §266, provides: "From any definite judgment, order or decree, entered by the court of common pleas under any of the provisions of this act, or from the refusal to open a judgment entered by default, an appeal may be taken by the party aggrieved to the supreme court or superior court, as in other cases." The word "definite" in the Act is used in the sense of "definitive" as opposed to interlocutory. *Kurrie v. Cottingham*, 209 Pa. 12, 57 A. 1106.

The appeal is quashed, and the record is remitted to the court below.