# H. P. Starr & Sons, Inc. *v.* Stepp et al., Appellants.

Argued April 13, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Donald Laird Hankey,* with him *John L. Wilson,* for appellants.

*John Murrin,* with him *Murrin and Murrin,* for appellee.

OPINION PER CURIAM, June 17, 1965:

This appeal from the dismissal of preliminary objections to a mechanic's lien must be quashed. Such preliminary objections under Section 505 of the Mechanics' Lien Law of 1963, approved August 24, 1963, P. L. 1175, 49 P.S. §1505, are similar to motions to strike, the procedure followed under the Act of June 4, 1901, P. L. 431, 49 P.S. §1 et seq. The refusal of such motions has been held to be interlocutory and unappealable. *Carter v. Caldwell,* 147 Pa. 370, 23 A. 575 (1892); *Lubetsky v. Dean,* 186 Pa. Superior Ct. 158, 142 A. 2d 359 (1958).

Interlocutory orders are not appealable unless expressly made appealable by statute. *Sullivan v. Philadelphia,* 378 Pa. 648, 107 A. 2d 854 (1954). We find no provision in the Mechanics' Lien Law of 1963 sufficiently expressing an intention to give a right of appeal from such orders. Section 703 of the Act of 1963,

49 P.S. §1703, provides for appeals, "From any judgment, order or decree entered by the court of common pleas under the provisions of this act. . . .", which we interpret to mean definite or final order. We recognize that the new act omitted the word *definite* as was used in Section 59 of the Act of 1901, 49 P.S. §266. However, we do not think this omission indicates an intention to authorize appeals from interlocutory orders since the heading of said section is, "Appeal from judgment" and is part of Article VII which is headed, "Judgment; Execution; Revival". Although not controlling, headings may be used to aid in the construction of statutes. Statutory Construction Act of May 28, 1937, P. L. 1019, §54, 46 P.S. §554. Under such circumstances it appears that the Legislature considered the word definite as superfluous and therefore omitted it. There is no apparent reason in such cases to make an exception to the general rule making interlocutory orders unappealable.

Appeal quashed.