WOOD, J.,
At issue here are defendants’ preliminary objections and motion to strike plaintiffs’ complaint sur mechanic’s lien. The procedural history of the case is as follows:
On March 23, 1979 plaintiffs filed a mechanic’s lien claim and defendants followed with preliminary objections which were dismissed by this court on July 19, 1979. Thereupon defendants filed a notice of appeal to the Superior Court on August 17, 1979. Defendants next filed a praecipe upon the prothonotary to enter a rule directing plaintiffs to file a complaint within 30 days or be forever barred from so doing in accordance with Pa.R.C.P. 1659. The complaint here in question was filed 34 days following the rule to file, but sonletime earlier on the same day defendants had already filed a praecipe for judgment non pros. This complaint was filed to the above term and number, whereas the mechanic’s lien had been filed to no. 839 of, presumably, the mechanic’s hen docket. Defendants contend that plaintiffs’ fifing came too late and that their failure to comply strictly with the proce *244 dure provided by the Mechanics’ Lien Law of August 24, 1963, P.L. 1175, 49 P.S. §1101 et seq., as well as Pa.R.C.P. 1651-1661, requires that we strike the complaint and bar further action by plaintiffs. We agree.
Mechanics’ hen cases proceed in two consecutive stages: (1) filing and perfecting the claim of a mechanic’s lien; and (2) instituting and prosecuting an action sur claim of mechanic’s lien. Sections 501 through 510 of the Mechanics’ Lien Law govern the first stage of the procedure while Pa.R.C.P. 1651 through 1660 regulate the second and present stage of the proceeding now before us: Renan, Inc. v. PNL, Inc., 67 D. & C. 2d 430 (1974). Rule 1659 provides:
“If a claimant has filed a claim and does not file a complaint, the prothonotary, upon praecipe of an owner, shall enter a rule as of course upon the claimant to file a complaint within twenty (20) days after service of the rule, or be forever barred from so doing. If the claimant fails to do so, the prothonotary, upon praecipe of the owner and proof of service, shall enter judgment for the defendant.”
Plaintiffs clearly violated that provision. Should their failure to comply be excused? We note two points. First, a plaintiff’s rights under the Mechanics’ Lien Law are viewed as a legislative privilege requiring strict compliance with the rules: Trustees of C.I. Mortgage Group v. Stagg of Huntington, Inc., 247 Pa. Superior Ct. 336, 372 A. 2d 854 (1977). Second, plaintiffs did not plead equitable grounds for setting aside a non pros properly entered. Rather, they denied that it was properly entered and interposed certain technical objections, none of which are well founded.
*245 One of the “technical objections” is that this court lacks jurisdiction because defendants filed a notice of appeal from Judge Pitt’s ruling on August 17,1979. Although this is the effect an appeal to the Superior Court normally has on this court’s jurisdiction (see Pa.R.A.P. 1701(a)), we do not believe we have lost jurisdiction on the facts of this case. We note initially that the decision appealed was interlocutory and unappealable: H.P. Starr & Sons, Inc. v. Stepp, 206 Pa. Superior Ct. 15, 211 A. 2d 78 (1965). Moreover, defendants never pursued the appeal and as a result the record was never sent to the Superior Court. We therefore conclude that the Superior Court never actually assumed jurisdiction of this matter and consider the appeal abandoned. In addition, the fact that plaintiffs filed a complaint is evidence of their recognition of this court’s jurisdiction.
Defendants have also filed a petition for a penalty judgment in the amount of $15,483.02 pursuant to 49 P.S. §1704. Suffice it to say that we have before us no factual record upon which we can base a ruling on the petition. We therefore decline to act on that petition and direct defendants to Pa.R.C.P. 209 for guidance.
ORDER
And now, July 22,1980, after consideration of the pleadings and briefs, defendants’ preliminary objections are sustained and the complaint in mechanic’s hen is stricken.
We further order that the prothonotary strike mechanic’s hen claim no. 839.
In the hght of the present state of the record, we make no determination on defendants’ petition for a penalty judgment.