J-A20011-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MARK LUNZ D/B/A ME LUNZ CONTRACTING, LLC, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EXCEL COMPANIES LEASING, LLC, | |
| Appellant | No. 1701 WDA 2017 |

Appeal from the Order Entered October 19, 2017
In the Court of Common Pleas of Clarion County
Civil Division at No(s): 133 CD-2017

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED SEPTEMBER 24, 2018**

Appellant, Excel Companies Leasing, LLC ("Excel"), appeals from the October 19, 2017 order overruling its preliminary objections to Appellee's, Mark Lunz d/b/a ME Lunz Contracting, LLC, mechanics' lien claim.  For the reasons that follow, we quash this appeal.

The facts underlying this matter were summarized by the trial court as follows:

> In October of 2015, Appellee contracted with Mr. Robert Powers, who at the time was the President of Seville Finance Companies, Inc., ("Seville"), and Mr. [Powers] signed the contract "Bob Powers, d/b/a Seville."  [Appellee] was contracted to serve as the general contractor on a demolition, renovation, and construction project.  [Excel] owns the real property where the project was situated, as they had purchased the property from Seville according to the testimony of Mr. Powers.  Mr. Powers also currently serves as the President of Excel.  Under the agreement, [Appellee] was to supervise "all work to be completed" on the project.  [Mr.] Powers and Seville were to pay a ten percent

general contracting fee, as well as all inspection, permit, subcontractor, and administrative fees, and any other rental equipment fees or miscellaneous charges. Based on this agreement, [Appellee] engaged two subcontractors to work on the project. The contract stated that all payments were due within ten days of invoice.

In June of 2016, [Appellee] was ordered to stop work on the project by the lessees at the property, Clarion Laminates/Clarion Industries. [Appellee] notified the office of Mr. Powers on approximately June 22, 2016, that he had been ordered off of the property by the lessees. Mr. Powers testified that he recalls they did receive notice of this[,] and he also testified that there were no discussions with [Appellee] regarding his return to work[] and[,] in fact[,] he would have had no problem with him returning to work as the contract between [Appellee] and Excel had not been terminated. He also testified that he did not try to resolve the issues between the [l]essee … and [Appellee]. Mr. Powers testified that there were discussions between his office and [Appellee] regarding billing issues, and on October 17, 2017[,] he sent [Appellee] a letter informing him that he would not be returning to finish the project and that they needed to come to a final number for what was owed to [Appellee].

[Appellee] filed this [m]echanic[s'] [l]ien [claim] on February 8, 2017, to secure a lien for the outstanding balance of $152,350.77[,] that he alleges is due to him under the contract. [Appellant's] remaining preliminary objection alleges that the [m]echanics['] [l]ien was untimely filed and should be dismissed.[1]

Trial Court Opinion ("TCO I"), 10/19/17, at 3-4.

On October 19, 2017, the trial court entered an order overruling Appellant's preliminary objection. Appellant filed a timely notice of appeal on November 13, 2017, followed by a timely, court-ordered Pa.R.A.P. 1925(b)

---

[1] On March 9, 2017, the trial court granted Appellee's motion to amend the caption and to file an amended mechanics' lien claim. Appellee's amended claim filed March 20, 2017, rendered two of Appellant's original three preliminary objections moot.

concise statement of errors complained of on appeal.[2]  In a *per curiam* order

entered on December 5, 2017, this Court noted the interlocutory nature of the

October 19, 2017 order and directed Appellant to show cause as to why the

appeal should not be quashed.  **See** *Per Curiam* Order, 12/5/17, at 1.

Appellant filed his response to the rule to show cause on December 15, 2017,

and in a subsequent *per curiam* order entered on December 27, 2017, this

Court discharged the rule to show cause and permitted the appeal to proceed.[3]

Herein, Appellant presents the following sole issue for our review:  "Did the

trial court err with respect to its order of court dated October 19, 2017[,] when

it overruled [] Appellant's preliminary objection and determined that the

mechanic[s'] lien was timely filed by [] Appellee[?]"  Appellant's Brief at xiii

(unnecessary capitalization omitted).

Preliminarily, we note that mechanics' liens "were unknown at common

law and are entirely a creature of statute."  **Terra Technical Services, LLC**

**v. River Station Land, L.P.**, 124 A.3d 289, 299 (Pa. 2015) (quoting

**Bricklayers of Western Pennsylvania Combined Funds, Inc. v. Scott's**

_____

[2] In its Pa.R.A.P. 1925(a) opinion, the trial court urged this Court to quash this appeal because the October 19, 2017 order "is not a final appealable order."  Trial Court Opinion ("TCO II"), 12/6/17, at 1.  In the event that the appeal is not quashed, the trial court deferred to TCO I for an explanation of its decision.  **Id.**

[3] In our order, we noted that the ruling "is not binding upon this Court as a final determination as to the propriety of the appeal[,]" and further advised that the issue may be revisited by the merits panel; thus, the parties should be prepared to address it in their appellate briefs or at the time of oral argument.  *Per Curiam* Order, 12/27/17, at 1.

*Development Co.*, 90 A.3d 682, 690 (Pa. 2014)). "Such liens are designed to protect persons who, before being paid (or fully paid), provide labor or material to improve a piece of property. Mechanics' liens accomplish this goal by giving lienholders security for their payment independent of contractual remedies." *Id.* (internal citations omitted). "Generally, the practice and procedure regarding the filing and perfecting of a mechanics' lien claim are regulated by Sections 501 through 510 of the Mechanics' Lien Law [of 1963 (49 P.S. §§ 1101-1802) ("Mechanics' Lien Act")], while the practice and procedure to obtain judgment upon a claim are set forth in Sections 701 thereof." *Id.* at 299 (citing 49 P.S. §§ 1501-1510; 1701-1706).

Before we address the merits of Appellant's claim, we must first determine whether this appeal is properly before us, because "the question of appealability implicates the jurisdiction of our court." *Jacksonian v. Temple University Health System Foundation*, 862 A.2d 1275, 1279 (Pa. Super. 2004) (quoting *In re Estate of Israel*, 645 A.2d 1333, 1336 (Pa. Super. 1994)). "The general rule is that, unless otherwise permitted by statute, only appeals from final orders are subject to appellate review." *Commonwealth v. Sartin*, 708 A.2d 121, 122 (Pa. Super. 1998). *See also* 42 Pa.C.S. § 742 (granting this Court "exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas … except such classes of appeals as are by any provision of this chapter within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court"). Pennsylvania Rule of Appellate Procedure 341(b) defines "final order" as any order that: "(1) disposes of all

- 4 -

claims and of all parties; or (2) is expressly defined as a final order by statute; or (3) is entered as a final order pursuant to subdivision (c) of this rule."[4] Pa.R.A.P. 341(b).

Instantly, Appellant argues that the order dismissing his preliminary objection is final and appealable and asserts that this Court has jurisdiction over this matter under 42 Pa.C.S. § 742 and Pa.R.A.P. 701, 702. More specifically, Appellant acknowledges that there is no requirement subsequent to the perfecting of a mechanics' lien that prosecuting an action to said lien must be entered on separate documents, or that separate files must be maintained by the court.[5] Nevertheless, he asserts that "since the process is two-step[,] each being separate and distinct from the other, the first step of filing and perfecting the mechanics['] lien claim is a *final determination*,

_____

[4] Subsection (c) applies when the trial court enters a final order as to fewer than all of the claims and/or parties and expressly determines that an immediate appeal would facilitate resolution of the entire case. **See** Pa.R.A.P. 341(c). The trial court made no such determination in this case; therefore, Rule 341(b)(3) does not apply to this matter.

[5] As our Supreme Court previously held:

> [W]hile the plain language of Pa.R.C.P. 1651 and 1653 requires the filing of a mechanics' lien claim and the subsequent commencement of an action via the filing of a complaint or an agreement for an amicable action to obtain judgment upon that claim with the prothonotary, these statutes simply do not mandate that such filings bear separate docket numbers and/or be physically separated upon filing.

**Terra Technical Services, LLC**, 124 A.3d at 301.

[where], as instantly, the Court of Common Pleas of Clarion County denied Appellant's preliminary objection, and decided that Appellee had perfected its lien claim." *See* Appellant's Response to Rule to Show Cause, 12/15,17, at 2 (emphasis added by Appellant). After careful review, we deem Appellant's claim to be meritless.

At this time, no judgment has been obtained on Appellee's mechanics' lien claim, nor have any pleadings been filed in an effort to enforce said claim. It is clear that "a mechanics' lien claim is a necessary precursor to an action for judgment thereon and … without a complaint or an agreement for an amicable action, no action upon a mechanics' lien claim commences." *Terra Technical Services, LLC*, 124 A.3d at 303. Thus, our Supreme Court concluded that the filing of a mechanics' lien claim without more merely serves as collateral to any judgment which may be rendered in a subsequent, properly filed action for judgment on the amount of said lien. *Id.*

Based on the foregoing, we conclude that, for the purposes of Rule 341(b)(1), the trial court's order dismissing Appellant's preliminary objection does not dispose of all claims and of all parties. Moreover, our review of the Mechanics' Lien Act reveals that no provision of that Act expressly defines an order, such as the one currently under review, as a final order.[6] *See* Pa.R.A.P.

---

[6] We are mindful that, pursuant to Section 1703 of the Mechanics' Lien Act, an appeal can be taken "[f]rom *any* judgment, *order* or decree entered by the court of common pleas under the provisions of this act …." 49 P.S. § 1703 (emphasis added). However, this Court has interpreted "order," as it is used

341(b)(2). Thus, the trial court order *sub judice* is not final for purposes of Rule 341(b) or 42 Pa.C.S.A. § 742.

Rather, we deem the order overruling Appellant's preliminary objection to be interlocutory, as it merely denied Appellant the protection of the Mechanics' Lien Act at this stage of the proceeding.[7] This has no impact, however, on Appellant's right to raise defenses in subsequent proceedings. **See** 49 P.S. § 1505 (providing, in relevant part, "[f]ailure to file an objection preliminarily shall not constitute a waiver of the right to raise the same as a defense in subsequent proceedings"). It is well-settled that interlocutory orders are not appealable unless expressly made appealable by statute. **See H.P. Starr & Sons, Inc.**, 211 A.2d at 78. We have found no such provision in the Mechanics' Lien Act. **Id.** Moreover, this Court previously declared that an appeal from the dismissal of preliminary objections to a mechanics' lien, filed in accordance with section 505 of the Mechanics' Lien Act (49 P.S. § 1505), must be quashed. **See id.**[8]

---

in 49 P.S. § 1703, "to mean definite or final order." **H.P. Starr & Sons, Inc. v. Stepp.**, 211 A.2d 78, 79 (Pa. Super. 1965).

[7] "An order is interlocutory and not final if it does not effectively place the litigant out of court or otherwise end the lawsuit." **Key Automotive Equipment Specialists, Inc. v. Abernethy**, 636 A.2d 1126, 1128 (Pa. Super. 1994).

[8] The **H.P. Starr & Sons, Inc.** Court determined that such preliminary objections are similar to motions to strike mechanics' lien claims, the refusal of which has been held to be interlocutory and unappealable. **Id.** (citing **Caldwell v. Carter**, 23 A. 575 (Pa. 1892) (explaining that an appeal does not

Finally, we note that while interlocutory orders are appealable in certain circumstances, none of those circumstances apply to the case at bar. Our Supreme Court has explained:

> [I]n addition to an appeal from final orders of the Court of Common Pleas, our rules provide the Superior Court with jurisdiction in the following situations: interlocutory appeals that may be taken as of right, Pa.R.A.P. 311; interlocutory appeals that may be taken by permission, Pa.R.A.P. [312]; appeals that may be taken from a collateral order, Pa.R.A.P. 313; and appeals that may be taken from certain distribution orders by the Orphans' Court Division, Pa.R.A.P. 342.

*Commonwealth v. Garcia*, 43 A.3d 470, 478 n.7 (Pa. 2012) (quoting *McCutcheon v. Phila. Elec. Co.*, 788 A.2d 345, 349 n.6 (Pa. 2002)).

Here, the challenged order is not defined as appealable as of right pursuant to Rule 311, Appellant did not ask for or receive permission to appeal the interlocutory order in accordance with Rule 312, and Appellant has not provided this Court with any argument as to whether the order could satisfy the collateral order doctrine pursuant to Rule 313.

Accordingly, we deem the trial court's October 19, 2017 order overruling Appellant's preliminary objection to be interlocutory, and we quash this

---

lie from the refusal of the court below to strike off a mechanics' lien claim because there is no final judgment, but noting that an appeal may lie from the striking of a claim, for that action is final); *Lubetsky v. Dean*, 142 A.2d 359 (Pa. Super. 1958) (confirming that "[n]o appeal lies from an order discharging a rule to strike off a mechanic[s'] lien as such order is interlocutory, not being a definitive decree or judgment. *If a final order is made granting judgment on the scire facias sur mechanic[s'] lien, an appeal may be taken*.") (emphasis added)).

appeal, without prejudice to Appellant's ability to defend against the underlying mechanics' lien claim in any future proceedings filed by Appellee in an attempt to enforce the claim. ***See*** 49 P.S. § 1505; ***see also*** Pa.R.C.P. 1028.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/2018