**BOROUGH OF AMBLER**

v.

**Stanley REGENBOGEN, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Feb. 12, 1998.

Decided May 18, 1998.

Nancy Hopkins Wentz, Norristown, for appellant.

Joseph E. Bresnan, Ambler, for appellee.

Before COLINS, President Judge, and LEADBETTER, J., and MIRARCHI, Jr., Senior Judge.

MIRARCHI, Jr., Senior Judge.

Stanley Regenbogen (Regenbogen) appeals from an order of the Court of Common Pleas of Montgomery County denying his motion to strike a municipal claim filed by the Borough of Ambler (Borough) under Section 3(a) of the Act of May 16, 1923, P.L. 207, *as amended*, commonly known as the Municipal Claims Act of 1923 (Act), 53 P.S. § 7106(a).[1]

Regenbogen owns a property located at 115 E. Butler Avenue, Ambler, Montgomery County. On July 31, 1996, the Borough filed a municipal claim against Regenbogen in the amount of $81,925.75 for services rendered by the Borough to improve the storm water culvert on Regenbogen's property. On August 26, 1996, Regenbogen filed a notice to issue a writ of scire facias and mailed the notice to the Borough's counsel by first class mail.

After receiving the notice on August 29, 1996, the Borough's counsel mailed a praecipe to issue a writ of scire facias to the prothonotary's office on September 5, 1996. The prothonotary's office subsequently re-

---

1. Section 3(a) of the Act provides in pertinent part that "[a]ll municipal claims which may be lawfully imposed or assessed on any property in this Commonwealth ... shall be and they are hereby declared to be a lien on said property...."

turned the praecipe to the Borough's counsel, stating that a $15 filing fee was required. On September 12, 1996, the Borough's counsel paid the filing fee and filed the praecipe with the prothonotary's office.

On September 11, 1996, Regenbogen filed a motion to strike the municipal claim with the trial court pursuant to Section 16 of the Act, 53 P.S. § 7184, which provides:

> Any party named as defendant in the claim filed, or admitted to defend thereagainst, may file, as of course, and serve a notice upon the claimant or upon the counsel of record to issue a scire facias thereon, within fifteen days after notice so to do. If no scire facias be issued within fifteen days after the affidavit of service of notice is filed of record, the claim shall be stricken off by the court, upon motion.

Regenbogen alleged that the municipal claim should be stricken off for failure of the Borough to issue a writ of scire facias within fifteen days of his service of the notice to issue a writ on the Borough's counsel. In opposition to the Regenbogen's motion, the Borough presented its counsel's deposition testimony that before he mailed the praecipe on September 5, 1996, he called the prothonotary's office and was told that the Borough was not required to pay the filing fee for the writ of scire facias because the Borough had already paid the filing fee for the municipal claim.

The trial court concluded that the Borough issued the writ of scire facias within the fifteen-day period under Section 16 of the Act, and that even if the issuance of the writ could be considered untimely, the Borough established good cause for extending the fifteen-day period under Section 16 of the Act. The trial court accordingly denied Regenbogen's motion to strike off the municipal claim. Regenbogen's appeal to this Court followed.

On appeal, Regenbogen contends that the fifteen-day period under Section 16 of the Act began to run not from the date of the Borough's counsel's actual receipt of the notice on August 29, 1996, but from August 26, 1996, the date of mailing of the notice, that the trial court was therefore required to strike off the municipal claim pursuant to Section 16 for the Borough's failure to issue

the writ of scire facias by September 10, 1996, and that the trial court abused its discretion in extending the fifteen-day time period. Before considering the merits of the appeal, however, we must address the Borough's contention that the appeal should be quashed because the trial court's order denying the motion to strike the municipal claim is not an appealable final order.

■ Rule 341(a) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 341(a), provides that "an appeal may be taken as of right from any final order of an administrative agency or lower court." Regenbogen concedes that the trial court's order denying his motion is not an appealable final order under Pa.R.A.P. 341(a). *See City of Philadelphia v. Christman*, 6 Pa. Superior Ct. 29 (1897) (an order refusing to strike off a municipal lien is not an appealable final order). *See also Caldwell v. Carter*, 147 Pa. 370, 23 A. 575 (1892), and *Lubetsky v. Dean*, 186 Pa.Super. 158, 142 A.2d 359 (1958), in which the courts held that an order refusing to strike off a mechanic's lien is not an appealable final order.

Regenbogen contends, however, that the trial court's order is appealable under Pa. R.A.P. 311(a)(1) or (2), which permits an interlocutory appeal as of right from:

> (1) *Affecting Judgments.* An order refusing to open, vacate or strike off a judgment. If orders opening, vacating or striking off a judgment are sought in the alternative, no appeal may be filed until the court has disposed of each claim for relief.

> (2) *Attachments, etc.* An order confirming, modifying or dissolving or refusing to confirm, modify or dissolve an attachment, custodianship, receivership or similar matter affecting the possession or control of property, except for orders pursuant to Sections 3323(f) and 3505(a) of the Divorce Code, . . . .

Regenbogen argues that the trial court's order should be treated as either an order refusing to strike off or open a judgment, or an order refusing to dissolve an attachment or similar matter affecting the possession or control of his property, under Pa.R.A.P.

311(a)(1) or (2). After careful review of the relevant provisions of the Act governing municipal claims, municipal liens and the writ of scire facias proceeding, we reject Regenbogen's argument.

■ Under the Act, municipal liens arise by operation of law, whenever municipal claims are lawfully assessed or imposed upon the property. Section 3(a) of the Act. After a municipal claim is filed, three procedural alternatives are available to the parties: (1) the owner may contest the municipal claim or the amount of assessment by filing and serving a notice on the claimant municipality to issue a writ of scire facias, thereby forcing a hearing on the municipal claim; (2) the municipality may pursue a writ of scire facias without the owner's action; or (3) the owner and the municipality may choose not to do anything, thereby letting the municipal lien remain recorded indefinitely subject to revival of the lien in every twenty years upon the issuance of a suggestion of nonpayment and an averment of default. Sections 14–16 of the Act, 53 P.S. §§ 7182–7184; *Shapiro v. Center Township*, 159 Pa.Cmwlth. 82, 632 A.2d 994 (1993), *appeal denied*, 537 Pa. 635, 642 A.2d 488 (1994).

■ In this matter, Regenbogen challenged the Borough's municipal claim, by filing the notice to issue a writ of scire facias. A scire facias proceeding under the Act is an action in rem. 18 Standard Pennsylvania Practice 2d § 102:5 (1997). The issuance of the writ of scire facias constitutes original process and serves the dual purposes of a summon and a complaint to commence such action. *Id.* at §§ 102:5 and 102:8; *Shapiro*. The purpose of a writ of scire facias is to warn the owner of the existence of a claim so that such person may make known any defenses and show why the property should not be under judicial subjection of a municipal lien. *Muhlenberg Township Authority v. Fisher*, 94 Pa.Cmwlth. 351, 503 A.2d 1022 (1986). After the Borough issued the writ of scire facias, Regenbogen filed an affidavit of defense, raising twenty-three defenses to the Borough's claim.

Previously, execution of any judgment on a municipal lien was accomplished by a writ of levari facias under Section 28 of the Act, 53 P.S. § 7278. However, the recent amendment to Rule 3191(b)(1) of the Pennsylvania Rules of Civil Procedure, Pa.R.C.P. No. 3191(b)(1), suspended Section 28 of the Act and abolished a writ of levari facias. *See* Notes to Pa.R.C.P. Nos. 3190 and 3191(b)(1); Lester S. Hecht, Pennsylvania Municipal Claims and Tax Liens § 33.1 (1992). Pa. R.C.P. No. 3190 now provides that "[a] judgment in rem in an action or proceeding upon a mechanics lien, municipal claim, tax claim or a charge on land shall be enforced against the real property subject to the lien, claim or charge in accordance with Rules 3180 to 3183 governing the enforcement of judgments in mortgage foreclosure." Pa.R.C.P. No. 3180 provides that "[j]udgment shall be enforced by a writ of execution substantially in the form provided" under the rule governing mortgage foreclosure.

Under the applicable rules, therefore, the Borough may not execute its municipal claim until it obtains a judgment on the writ of scire facias. At the time of the denial of the motion to strike off the municipal claim, the trial court had not yet heard the merits of the instant action in rem. Since a judgment has not been entered in this matter, the trial court's order cannot be considered an order refusing to strike off or open a judgment appealable under Pa.R.A.P. 311(a)(1).[2]

■ Nor can the trial court's order be considered an order refusing to dissolve an attachment or similar matter affecting the possession or control of the property under Pa.R.A.P. 311(a)(2).

The main function of an attachment is to take goods from a defendant's possession or control and place them in the custody of the law so that the goods may be seized on

---

**2.** Regenbogen argues that the municipal claim should be treated as a judgment under Section 3(c) of the Act, which provides that "[a] writ of execution may issue directly without prosecution to judgment of a writ of scire facias." However, we do not construe Section 3(c) as allowing the municipality to execute the municipal claim without obtaining a judgment, especially where, as here, the owner filed the notice to issue a writ of scire facias to contest the municipal claim, thereby forcing the Borough to commence the instant action in rem.

execution, if necessary. 17 Standard Pennsylvania Practice 2d § 94:2 (1997).[3] Unlike an attachment, a lien is merely a charge, claim or encumbrance on the property placed to secure payment of a debt or other obligation. *Unity Savings Ass'n v. American Urban Sciences Foundation, Inc.,* 337 Pa.Super. 470, 487 A.2d 356 (1984).

Section 3 of the Act grants a municipal lien a priority, over other security interests encumbered on the property, to be fully paid and satisfied out of proceeds of any judicial sale of the property. However, the holder of the municipal lien does not have the right to possess or control the property subject to the municipal lien. In this regard, the municipal lien is distinguishable from "a possessory lien" at common law, which arises only where the claimant has exclusive possession of the property. *Associates Financial Services Co. v. O'Dell,* 262 Pa.Super. 584, 396 A.2d 1324 (1979), *aff'd,* 491 Pa. 1, 417 A.2d 604 (1980).

To support his argument that Pa.R.A.P. 311(a)(2) is applicable to this matter, Regenbogen relies on *Triffin v. Interstate Printing Co.,* 357 Pa.Super. 240, 515 A.2d 956 (1986), *appeal dismissed,* 517 Pa. 317, 535 A.2d 1054 (1988), and *Foulke v. Lavelle,* 308 Pa.Super. 131, 454 A.2d 56 (1982). The facts in *Triffin* and *Foulke* are distinguishable and therefore inapplicable to this matter.

In *Triffin,* the Superior Court held that the trial court's denial of the motion for judgment on the pleadings had the effect of refusing to confirm an attachment of the bank accounts and was therefore appealable under Pa.R.A.P. 311(a)(2). *Foulke* involved the order denying the motion to set aside or stay the writ of attachment which affected the possession or control of the property. Unlike *Triffin* and *Foulke,* however, this matter involves a municipal lien, not an attachment.

Further, Regenbogen's right to possess or control his property is not affected by the municipal lien. Regenbogen's property admittedly has never been removed from his possession or control since the Borough filed the municipal claim against him. Moreover, Section 14 of the Act permits a discharge of the municipal lien upon the defendant's payment of the amount due to the municipality or into the court or entering a security for uncontested part of the claim. *Shapiro.* Thus, Regenbogen's right to transfer the property also was not affected by the mere existence of the municipal lien on the property. Hence, the trial court's order refusing to strike off the municipal lien is not an order refusing to dissolve an attachment or a similar matter affecting the possession or control of the property.

Since the trial court's order is not an interlocutory order appealable as of right under either Pa.R.A.P. 311(a)(1) or Pa.R.A.P. 311(a)(2), Regenbogen's appeal must be quashed.[4]

### ORDER

AND NOW, this 18th day of May, 1998, the above-captioned appeal filed by Stanley Regenbogen is hereby quashed. This matter is remanded to the Court of Common Pleas of Montgomery County for a further proceeding.

Jurisdiction relinquished.

---

**3.** Former Pa.R.C.P. Nos. 1285–1292, which permitted the prejudgment attachment, were rescinded by the 1989 amendment. *See* 17 Standard Pennsylvania Practice 2d § 94:1 (1997).

**4.** Because Regenbogen's appeal is quashed as a non-appealable interlocutory order, it is unnecessary to address Regenbogen's contentions on the merits of the appeal, i.e., that the municipal lien should have been stricken off pursuant to Section 16 of the Act for the Borough's failure to issue

the writ of *scire facias* within fifteen days of "mailing" of his service of the notice, and that the trial court abused its discretion in extending the fifteen-day period within which to issue the writ. Suffice to note, however, that Section 34 of the Act, 53 P.S. § 7188, specifically provides that "[t]he court may for cause shown and filed of record, enlarge the time for ... issuing a scire facias. ..."