IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Borough of Phoenixville      :
     :
     v.      : No. 1083 C.D. 2018
     : Argued: April 11, 2019
Richard J. Puleo Lorraine B. Puleo,      :
     :
     Appellants      :


BEFORE:     HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE MICHAEL H. WOJCIK, Judge (P)
                HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                           FILED: May 2, 2019


Richard J. Puleo and Lorraine B. Puleo (collectively, Landowners) appeal, *pro se*,[1] the order of the Chester County Court of Common Pleas (trial court) entering judgment in favor of Borough of Phoenixville (Borough) and

---

[1] Although Richard J. Puleo entered his appearance in the trial court as counsel for Lorraine B. Puleo, *see* Certified Record (C.R.) Docket Entry No. 21, he has not entered his appearance in this Court. As a result, we take notice that Landowner Richard J. Puleo is a member of the Pennsylvania Bar. *See, e.g.*, *People v. Austin*, 451 N.E.2d 593, 595-96 (Ill. App. Ct. 1983) ("A court is presumed to know its officers, and all public officials in civil affairs within its jurisdiction. Not only may this court notice [a judge's] position on the bench within the bounds of the [court's jurisdiction], but the court may also notice the judge's former civil office as a public defender, or his status as a member of the bar and officer of the court.") (citations omitted). *See also* Rule 201(b) of the Pennsylvania Rules of Evidence, Pa. R.E. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . is generally known within the trial court's territorial jurisdiction [or] can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

against Landowners for want of sufficient defense pursuant to the provisions of what is commonly referred to as the Municipal Claims and Tax Liens Act (Tax Liens Act).[2] We vacate and remand.

On September 22, 2016, the Borough filed a municipal claim of $33,638.29 for delinquent water, sewage, and trash fees for the years 2014-2015, against Landowners' property, Kenalcon Apartments, located at 1 Kenalcon Drive in the Borough. Reproduced Record (R.R.) at 14. Attached to the claim is a certificate stating that the claim was served on Landowners by first class mail. On June 16, 2017, the Borough filed a writ of *scire facias* (*sci fa*).[3] *Id.* at 16-18.[4] On

---

[2] Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §§7101-7455.

[3] Section 4 of the Tax Liens Act states, in pertinent part, that "[t]he lien for . . . water rates, . . . sewer rates, or rates for any other service furnished by a municipality,—shall exist in favor of, and the claim therefor may be filed against the property thereby benefitted by, the municipality extending the benefit . . . ." 53 P.S. §7107. The issuance of a writ of *sci fa* constitutes original process and serves the dual purposes of a summons and a complaint to commence such an action. *Borough of Ambler v. Regenbogen*, 713 A.2d 145, 148 (Pa. Cmwlth. 1998). A *sci fa* proceeding is an action in rem and the purpose of a writ of *sci fa* is to warn landowners of the existence of a claim so that they may make known any defenses and show why the property should not be under judicial subjection of a municipal lien and reduced to judgment. *Id.* As this Court has explained:

> In Pennsylvania a writ of [*sci fa*] is purely statutory. Procedures under [the Tax Liens Act] are unusual in several respects. First, Section 3(a) of the [Tax Liens Act], 53 P.S. §7106(a), declares that all lawfully assessed or imposed municipal "claims" are "liens" upon the property that arise when lawfully imposed and assessed. The assessment and imposition of the lien occur without any form of hearing. A [*sci fa*] proceeding is an action in rem, but the imposition of a new lien upon property obviously has a significant effect on the property rights of the owner . . . .

> If the owner does not dispute the claim and assessment, the owner simply pays and removes the lien. If the owner does dispute the claim, the [Tax Liens Act] provides no mechanism for a direct

**(Footnote continued on next page…)**

2

"appeal." Instead, to contest the claim or amount of assessment and to force the issue to an original hearing, the owner may file and serve a notice upon the claimant municipality to issue a [*sci fa*]. In the proceeding commenced by the writ of [*sci fa*], the owner then files an "affidavit of defense." In that affidavit the owner may raise all defenses that he or she has to the municipal claim. Alternatively, the municipality may pursue a writ of [*sci fa*] without waiting for prompting from the owner, which is what occurred in the present case. Either way, there is no requirement that the owner "appeal" within a specified period from the initial filing of the municipal claim or forever forego the right to challenge it.

Therefore, the precise effect of the procedure renders the proceeding in common pleas court the owner's "appeal" even though the municipality is the moving party. Regardless of which party seeks the writ of [*sci fa*] to force the matter to a hearing, the owner's initial refusal to pay and subsequent filing of an affidavit of defense constitute an "appeal" from the local agency adjudication of the imposition of the lien.

*Shapiro v. Center Township*, 632 A.2d 994, 997-98 (Pa. Cmwlth. 1993) (citations and footnotes omitted).

[4] The writ stated the following, in relevant part:

The amount set forth above reflects the balance due as of the date of the filing of the lien. It does not include any costs or attorney fees added, interest accrued, or credits for payments applied after the date of the filing of the lien. The balance due as of the date of the preparation of this Writ of [*Sci Fa*] is $36,215.07. This balance is subject to change if additional costs or attorney fees are added or credits for payments are applied after the date of the preparation of the Writ of [*Sci Fa*]. Additionally, interest accrues on a daily basis.

R.R. at 17.

July 26, 2017, Landowners filed an Affidavit of Defense to the writ[5] and a Motion to Strike the writ, alleging: (1) the writ is defective on its face and fraudulent because they were never served with the claim or an invoice, the writ is not verified, it was wrongfully served on a non-owner of the property, and the writ

[5] Section 14 of the Tax Liens Act provides, in relevant part:

> Any defendant named in the claim . . . may, at any stage of the proceedings, present his petition, under oath or affirmation, setting forth that he has a defense in whole or in part thereto, and of what it consists; and praying that a rule be granted upon the claimant to file an affidavit of the amount claimed by him, and to show cause why the petitioner should not have leave to pay money into court; and, in the case of a municipal claim, to enter security in lieu of the claim; whereupon a rule shall be granted as prayed for. Upon the pleadings filed, or from the claim and the affidavit of defense, and without a petition where an affidavit of defense has been filed, the court shall determine how much of the claim is admitted or not sufficiently denied; and shall enter a decree that upon payment by such petitioner to the claimant of the amount thus found to be due, with interest and costs if anything be found to be due, or upon payment into court, if the claimant refuses to accept the same, and upon payment into court of a sum sufficient to cover the balance claimed, with interest and costs, or upon the entry of approved security in the case of a municipal claim, that such claim shall be wholly discharged as a lien against the property described therein, and shall be stricken from the judgment index. Thereafter the material, disputed facts, if any, shall be tried by a jury, without further pleadings, with the same effect as if a writ of [*sci fa*] had duly issued upon said claim, to recover the balance thereof; but the jury shall be sworn to try the issues between the claimant and the parties who paid the fund into court or entered security, and verdict, judgment and payment, or execution, shall follow as in other cases.

53 P.S. §7182. *See also Roethlein v. Portnoff Law Associates, Ltd.*, 81 A.3d 816, 818 n.3 (Pa. 2013) ("After the lienholder issues the writ, the owner may file an affidavit, pursuant to 53 P.S. §7182, raising defenses to the lien, such as actual payment of taxes, a defective claim or lien, fraud, or lack of process or notice.") (citation omitted).

fails to itemize or substantiate the amount that they purportedly owe or the services that were purportedly performed; (2) the Borough charged Landowners for trash fees in excess of the fees in neighboring municipalities and for vacant units for which service was not provided; (3) the Borough denied Landowners' request to use a dumpster service to reduce the trash fees incurred, which constitutes an unreasonable restraint on trade and is illegal; (4) the fees are illegal because the Borough never filed notices of delinquency and Landowners' tenants are solely responsible for the fees under their leases; (5) Borough failed to properly verify or serve the writ and the Borough's actions violate the Fair Debt Collection Act, 15 U.S.C. §§1692-1692p; and (6) they never agreed to pay for the trash services allegedly rendered, the Borough failed to apply Landowners' payments, and/or the Borough miscalculated the amounts due.  R.R. at 22-29.

Landowners also filed a $75,000.00 counterclaim asserting that the writ was issued in bad faith and filed without verifying the amount due, and that the Borough permitted its counsel to file the writ causing a slander to Landowners' title.  R.R. at 29-30.  Finally, Landowners filed a $75,000.00 cross-claim against the Borough's counsel and her firm, contending that counsel was negligent in failing to verify the debt owed and the validity of the writ prior to its filing.  *Id.* at 30-32.

On August 15, 2017, the Borough filed a brief in support of preliminary objections to Landowners' counterclaim, cross-claim and Motion to Strike,[6] asserting that the Tax Liens Act sets forth the statutory in rem procedure to

_____

[6] As the trial court stated:

> We note at the outset that [the Borough] indicates that it filed
> Preliminary Objections on or about August 14, 2017.  The Docket

**(Footnote continued on next page…)**

collect delinquent municipal claims to which the Pennsylvania Rules of Civil Procedure do not apply,[7] and the Tax Liens Act does not provide for such filings. *Id.* at 46-55.

On September 27, 2017, the trial court denied Landowners' Motion to Strike, holding that Landowners were properly served with the writ of *sci fa*. R.R. at 83-84.[8] That same day, the trial court sustained the Borough's preliminary

---

**(continued…)**

> does not reflect any such filing. Thus, we have only a brief in support of [the Borough's] Preliminary Objections. We will nevertheless address the merits of the Preliminary Objections as set forth in the supporting brief.

R.R. at 81. Nevertheless, the pleading filed on August 15, 2017, that is contained in both the Certified Record, *see* C.R. Docket Entry No. 6, and the Reproduced Record, *see* R.R. at 46-55, is styled as preliminary objections to Landowners' counterclaim, cross-claim and Motion to Strike. The Certified Record also contains a separate brief that the Borough filed on September 5, 2017, in support of the preliminary objections, *see* C.R. Docket Entry No. 7, and Landowners' brief in response to the preliminary objections that was filed on September 18, 2017. *See* C.R. Docket Entry No. 8.

[7] *See Shapiro*, 632 A.2d at 999 ("[I]n the present case the proceeding in common pleas court on the writ of [*sci fa*] was a statutory appeal or, in any event, was a proceeding to which the Rules of Civil Procedure do not apply.").

[8] The trial court expressed its reasoning as follows:

> [Landowners] allege that they were never served with the claim. In fact, [Landowners] assert that they only became aware of the action on or about July 14, 2017, nearly one year after the action commenced, when the sheriff served a Writ of [*Sci Fa*] upon them. [Landowners] contend that, even though they were served by the sheriff, their address given to the sheriff was incorrect and it was only because the sheriff knows [Landowners] that service was effectuated. Finally, [Landowners] contend that service was improper as the Writ was served upon Joanna Puleo, who is not the owner of the real property.

**(Footnote continued on next page…)**

objections and dismissed Landowners' counterclaim and cross-claim, holding that they are "both procedurally and substantively improper" because the Tax Liens Act "is a statutory remedy which does not permit the filing of cross- and

---

**(continued…)**

> From our review of the docket, it appears that counsel for [the Borough] filed a Certificate of Service on September 22, 2016, certifying that the municipal lien claim was served upon [Landowners] via first class mail. However, the Writ of [*Sci Fa*] filed on June 16, 2017 was served upon [Landowners] by the sheriff on July 14, 2017. Specifically, the sheriff's return indicates that service was made by personal service upon Joanna Puleo at 27 Nutt Road, Phoenixville, Pennsylvania. The sheriff's return also provides that [Landowner] Lorraine Puleo was served by the sheriff at the address of 40 Woodfield Crossing, Lancaster, Pennsylvania.

> Based upon the record before this Court, it appears [the Borough] has complied with the Rules of Civil Procedure regarding service of original process of the Writ of [*Sci Fa*]. [Landowners] make[] no allegation that Joanna Puleo is not an adult member of [their] family or that she does not reside at the property; [they] only allege[] that she is not the owner of the property. As a result, service upon Joanna Puleo as an adult member of the family with whom [Landowner] Richard Puleo resides constitutes permissible service under Pa. R.C.P. [No.] 402(a)(2)(i). Further, although the sheriff's return contains an allegedly incorrect address, there is no dispute that [Landowners] were actually served by the sheriff; thus, it makes no difference whether the address is correct or incorrect. It is clear to this Court that [Landowners] have been put on notice of the municipal lien claim and are pursuing efforts to defend against it. Accordingly, there is no basis upon which to strike the Writ of [*Sci Fa*].

R.R. at 83-84.

7

counterclaims," and only permits Landowners "to file an Affidavit of Defense, which they have done." *Id.* at 81-82.[9]

On February 14, 2018, the Borough filed a Motion for Judgment for Want of Sufficient Affidavit of Defense,[10] alleging that Landowners' Affidavit of Defense fails to set forth "certain and definite" facts that are sufficient to deny the

---

[9] The trial court determined that the underlying claims were without merit, explaining:

> To set forth a valid cause of action for professional negligence (or legal malpractice), a plaintiff must plead: (1) the employment of the attorney or other basis for his duty to act as an attorney; (2) the failure of the attorney to exercise ordinary skill and knowledge; and (3) that such negligence was the proximate cause of damage to the plaintiff.
>
> Here, the claim fails on the first prong as [Landowners] cannot establish that [counsel] or [her firm] was employed by [the Borough] in an attorney-client relationship nor have they pleaded a viable alternative basis for a duty owed by [counsel] to [Landowners]. To the contrary, they allege that [counsel] and [her firm] were engaged by [the Borough] to file Writ of [*Sci Fa*] against [Landowners]. Moreover, [Landowners] allege that the Rules of Civil Procedure and/or Professional Conduct impose certain duty on attorneys. In this Commonwealth, a violation of Rules of Professional Conduct by itself cannot form the basis for a legal malpractice claim. By extension, were Pennsylvania courts to allow legal malpractice claims arising out of a mere violation of the rules of civil procedure, the courts would be overwhelmed. Indeed, were this law, [Landowner] Richard Puleo would have opened himself up to a malpractice claim because of his failure to follow the rules as set forth above. Thus, [Landowners'] Counterclaim/Cross-claim fail[] as a matter of law.

R.R. at 82.

[10] *See* Section 19 of the Tax Liens Act, 53 P.S. §7271 ("If an affidavit of defense be filed, a rule may be taken for judgment for want of sufficient affidavit of defense, or for so much of the claim that is insufficiently denied, with leave to proceed for the residue.").

8

averments regarding the amount owed in the writ of *sci fa* as inaccurate or fraudulent. *See Borough of Fairview v. Property Located at Tax Index No. 48-67-4*, 453 A.2d 728, 730 (Pa. Cmwlth. 1982) ("An affidavit of defense to a scire facias sur municipal lien claim must be certain and definite."). R.R. at 121. The Borough argued that in *Municipal Authority of the Borough of Harvey's Lake v. Yuhas*, 572 A.2d 1291, 1294 (Pa. Super. 1990), the property owners "merely point[ed] to copies of prior bills, which list[ed] various amounts of interest and penalties as evidence that the amounts are incorrect" and did not explain how the charges were inaccurate. R.R. at 122-123. The Borough contended that under *Yuhas*, it "was the property owners' responsibility to identify how the specific charges were inaccurate" and that this lack of specificity, as in the instant matter, did not satisfy the requirement that Landowners' Affidavit of Defense be "clear and definite." R.R. at 123.

Regarding Landowners' claim that the trash fees imposed were excessive and for unoccupied rental units, the Borough argued that in *Newberry Township v. Stambaugh*, 848 A.2d 173, 176 (Pa. Cmwlth. 2004), this Court held that a property owner is required to pay trash fees even if it is undisputed that no trash was generated. R.R. at 121. In that case, this Court affirmed a trial court's grant of a motion for judgment for want of a sufficient affidavit, relying on *Township of West Manchester v. Mayo*, 746 A.2d 666, 670 (Pa. Cmwlth. 2000), in which we stated, "[E]ven if a resident does not generate any refuse or waste, the resident is still responsible for any service fee or charge lawfully imposed by a municipality for the collection and disposal of refuse." R.R. at 121. The Borough asserted that "[u]nder the holdings of *Mayo* and *Stambaugh*, [] it is clear that

9

[Landowners] must pay the trash fees even if it is true that some of their apartments were vacant and generated no trash." R.R. at 121.

Regarding Landowners' claim that the trash fees imposed were excessive because they sought to use a dumpster service, the Borough argued that in *Mayo*, 746 A.2d at 671, this Court held, "All residents, regardless of how they personally choose to dispose of their refuse, receive a benefit in the collection and disposal of refuse from other premises in the community." R.R. at 121-122 (citation omitted). The Borough asserted, "The *Mayo* Court's adoption of this holding makes clear that even if [Landowners] had been permitted to use an alternative trash service, they would still be responsible for paying the fees assessed by the Borough." R.R. at 122.

Regarding Landowners' claim that the leases on their rental units transferred their duty to pay the trash fees, the Borough noted that in *City of Philadelphia v. Perfetti*, 119 A.3d 396, 400 (Pa. Cmwlth. 2015), *appeal denied*, 131 A.3d 493 (Pa. 2016), this Court held, "Scire facias is an *in rem* proceeding in which a lien is placed on the property receiving municipal services." R.R. at 122. The Borough argued that under *Perfetti*, "[p]roperty owners, as defined in [Section 1 of the Tax Liens Act,] 53 P.S. §7101, are responsible for the payment of municipal claims," and we held in *Perfetti*, 119 A.3d at 400, that "'the sole and primary duty for the payment of this charge is that of the owner,'" and that "'[a]ny delegation of this duty does not relieve the owner without the consent of the party to whom the duty is owed . . . .' *Id.* (citation omitted)." R.R. at 122. The Borough asserted that "[h]ere, the Borough has not consented to [Landowners'] delegation," and "[a]s a result, [Landowners] are responsible for the fees assessed to the property." *Id.* Based on the foregoing, the Borough asked the trial court to enter

10

judgment in its favor, and against Landowners, for $37,601.55, "plus any additional charges, expenses, or fees that are incurred . . . including reasonable attorney fees, and future interest at a rate of 10%," based "on the principal balance of $31,739.45 dating from January 22, 2018." R.R. at 123.

On February 28, 2017, Landowners filed a response to the Borough's motion, again asserting that they were never served with the Borough's claim for unpaid water, sewer, and trash fees for the years 2014-2015, and that the claim is inaccurate, fraudulent, and without merit. C.R. Docket Entry No. 13. Specifically, Landowners asserted that they paid $58,259.54 in unpaid water, sewer, and trash fees for the property, and $5,371.59 in Borough taxes, as of a June 19, 2015 settlement of a refinancing of the property. *Id.* In support, Landowners attached as an appendix a Settlement Statement reflecting this payment. *Id.*[11]

On April 23, 2018, the trial court issued an order entering judgment in the Borough's favor, and against Landowners, "in the amount of $37,601.55, plus interest accruing at a rate of 10% per annum on the principal balance of $31,739.45 dating from January 22, 2018." C.R. Docket Entry No. 14; R.R. at 147. On April 30, 2018, the Borough filed a Praecipe for Judgment based on the trial court's order. C.R. Docket Entry No. 15.

On May 1, 2018, Landowners filed a Motion for Reconsideration of the trial court's order again alleging, *inter alia*, that the invoices for the fees were sent to the wrong address and in the incorrect amount, and that they were paid as evidenced by the Settlement Statement. R.R. at 149-150. As a result, Landowners asserted, the writ of *sci fa* "was and is defective on its face" and argued that "[a]t

---

[11] Landowners also attached a July 25, 2011 Settlement Statement stating that they paid a $29,843.00 balance in water, sewer, and trash fees as of that date. C.R. Docket Entry No. 13.

11

the very least, [the Borough] should not be entitled to interest for 300 days since [it] failed to serve or otherwise provide [Landowners] with the Municipal Claim." *Id.* at 150, 151.

On May 21, 2018, the Borough filed a response to Landowners' reconsideration request, conceding that Section 19 of the Tax Liens Act, 53 P.S. §7271, provides, "**a rule may be taken** for judgment for want of sufficient affidavit of defense, or for so much of the claim as is insufficiently denied," but that the Borough did not attach a proposed rule to its Motion for Judgment for Want of Sufficient Affidavit of Defense. R.R. at 200 (emphasis in original). The Borough also conceded that, "[t]o the extent that the entry of judgment resulted from a Rule not being issued, [it] does not object to the judgment being vacated without prejudice to [its] right to refile its request for judgment with a rule attached." *Id.* Importantly, the Borough also conceded that the amount of judgment entered is incorrect stating, "in its proposed order, which was approved by the [trial court], the Borough listed the interest bearing amount as $31,739.45, when in reality it is $27,567.64," and that "to the extent the judgment stands the order granting it should be amended to change the interest bearing amount from $31,739.45 to $27,567.64." *Id.* at 200, 201.

On May 23, 2018, Landowners filed the instant appeal of the trial court's April 23, 2018 order entering judgment in the Borough's favor and against them in the amount of $37,601.55, plus annual interest at 10% on the principal balance of $31,739.45, dating from January 22, 2018. C.R. Docket Entry No. 18; R.R. at 202.[12] Although Landowners filed the appeal to the Superior Court, that

---

[12] Our scope of review in municipal lien cases is limited to determining whether the trial court abused its discretion or committed an error of law, or whether constitutional rights were **(Footnote continued on next page…)**

court transferred the matter to this Court by August 10, 2018 order. *See* Section 5103(a) of the Judicial Code, 42 Pa. C.S. §5103(a) ("If an appeal . . . is taken to . . . a court . . . which does not have jurisdiction of the appeal or other matter, the court . . . shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal . . . .").

Landowners raise a number of claims in this appeal.[13] However, as a preliminary matter, the Borough contends that the appeal should be dismissed because Landowners' appellate brief violates Rule 2119(a) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 2119(a),[14] in that the argument portion of the brief fails to cite any relevant legal authority or adequately develop any of the

---

**(continued…)**

violated. *Dreibelbis v. State College Borough Water Authority*, 654 A.2d 52, 54 n.1 (Pa. Cmwlth. 1994). "Discretion is abused when, in reaching its conclusion, the trial court departs from or misapplies the law or the judgment it exercises is manifestly unreasonable as shown by the evidence of record." *SAS, Inc. v. Pennsylvania State Police*, 638 A.2d 455, 458 n.6 (Pa. Cmwlth. 1994).

[13] Specifically, Landowners claim that the trial court erred and abused its discretion by: (1) failing to conduct a trial or hold a hearing to address the Affidavit of Defense or the underlying municipal claim; (2) accepting the writ of *sci fa* without requiring any evidence or proof as to the amounts claimed; (3) accepting the writ of *sci fa* without verification or other sworn testimony; (4) failing to accept the claims raised in the Affidavit of Defense as valid defenses to the municipal claim; (5) allowing the Borough to claim that Joanna Puleo had an ownership in the real estate to which the municipal claim applies; (6) allowing the municipal claim to stand when it was never sent to or served upon Landowners; (7) failing to grant Landowners' Motion for Reconsideration because the Borough acknowledged that the amount of the claim was incorrect; (8) allowing the judgment to stand because the Borough acknowledged that the amount of the claim was incorrect; and (9) dismissing Landowners' counterclaims and cross-claims without a hearing or trial. Brief of Appellants at 3-4.

[14] Pa. R.A.P. 2119(a) states, in relevant part, "The argument shall be divided into as many parts as there are questions to be argued; and shall [be] followed by such discussion and citation of authorities as are deemed pertinent."

13

issues that are raised on appeal. Although the argument portion of Landowners' brief is exceedingly brief, consisting of only three paragraphs, it is possible to glean from that argument sufficient support for some of the claims that Landowners raise on appeal. Accordingly, we will not accede to the Borough's request to dismiss this appeal outright. *See, e.g.*, *Rapid Pallet v. Unemployment Compensation Board of Review*, 707 A.2d 636, 638 (Pa. Cmwlth. 1998) ("Employer's argument minimally develops the first and fifth issues raised by it [on appeal. . . . Therefore, we] will only address the first and fifth issues raised by Employer.").

Specifically, Landowners argue on appeal that the trial court erred in entering judgment, or in failing to grant reconsideration, because the Borough has conceded that the amount of the judgment is incorrect. Indeed, as noted above, in its response to Landowners' reconsideration request, the Borough conceded that the amount of judgment entered is incorrect stating, "in its proposed order, which was approved by the [trial court], the Borough listed the interest bearing amount as $31,739.45, when in reality it is $27,567.64," and that "to the extent the judgment stands the order granting it should be amended to change the interest bearing amount from $31,739.45 to $27,567.64." R.R. at 200, 201.[15]

---

[15] With respect to a rule issued under Section 19, as this Court has explained, "A rule for judgment for insufficient affidavit of defense may be discharged where the appellate court thinks it advisable that the case go to trial so that the facts may be more fully developed and passed upon." *Western Clinton County Municipal Authority v. Estate of Rosamilia*, 826 A.2d 52, 57 (Pa. Cmwlth. 2003) (citation omitted). In entering judgment in the instant matter, the trial court failed to address Landowners' assertion that the Borough's claim for unpaid water, sewer, and trash fees for the years 2014-2015, was satisfied when they paid $58,259.54 in unpaid water, sewer, and trash fees as evidenced by the June 19, 2015 Settlement Statement signed during the refinancing of the property. *See* C.R. Docket Entry No. 13. *See also Atlas Credit Corporation v. Dolbow*, 165 A.2d 704, 709 (Pa. Super. 1960) ("'Subject to general equitable considerations, equitable relief from a valid judgment will be given to a party thereto if circumstances arise after

**(Footnote continued on next page…)**

14

Accordingly, the trial court's order is vacated, and the matter is remanded to that court to reconsider the amount of the judgment entered in favor of the Borough of Phoenixville, and against Richard J. Puleo and Lorraine B. Puleo.[16]

_____
MICHAEL H. WOJCIK, Judge

_____

**(continued…)**

the judgment is rendered which make it inequitable to enforce the judgment against him.'") (citations omitted).

[16] Any remaining claims raised by Landowners in this appeal have been waived due to the deficiencies in their appellate brief. Pa. R.A.P. 2119(a); *Commonwealth v. Spotz*, 716 A.2d 580, 585 n.5 (Pa. 1998), *cert. denied*, 526 U.S. 1070 (1999) (the failure to develop issue in an appellate brief results in waiver).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Borough of Phoenixville : 
  :
v. : No. 1083 C.D. 2018
  :
Richard J. Puleo Lorraine B. Puleo, :
  :
Appellants :

# **O R D E R**

AND NOW, this 2nd day of May, 2019, the Borough of Phoenixville's Application to Dismiss Appeal and to Suspend Briefing Schedule is DENIED.  The order of the Chester County Court of Common Pleas dated April 23, 2018 is VACATED, and the matter is REMANDED to that court to reconsider the amount of the judgment entered in favor of the Borough of Phoenixville, and against Richard J. Puleo and Lorraine B. Puleo.

Jurisdiction is RELINQUISHED.

_____
MICHAEL H. WOJCIK, Judge