IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Foster Township                          :
                                         :   No.  1172 C.D. 2018
                    v.                    :
                                         :   Submitted:  September 27, 2019
Farida B. Rahman,                        :
                    Appellant            :


***OPINION NOT REPORTED***

MEMORANDUM OPINION
PER CURIAM                                    FILED:  November 18, 2019


        Farida B. Rahman (Rahman), proceeding *pro se*, purports to appeal from the July 24, 2018 order of the Court of Common Pleas of Luzerne County (trial court) at Civil Docket Number 2012-9256, denying her motion to open and/or strike an order dated March 15, 2018.  In that order, the trial court granted the petition of Rahman's attorney, Thomas J. Jones, Jr., Esq. (Counsel), to withdraw as counsel. Also, at a March 15, 2018 hearing, the trial court made a ruling from the bench—later reduced to an order that was filed on March 16, 2018—granting Rahman's motion that he recuse himself from the case.  For the reasons that follow, we quash the appeal.[1]

_____

[1] As this Court noted in a *per curiam* order dated December 3, 2018, Rahman filed a notice of appeal seeking to challenge the trial court's July 24, 2018 order at No. 2012-0925**6**, but the trial court's March 15, 2018 order bears a docket number of 2012-0925**5**.  In its opinion issued in accordance with Pennsylvania Rule of Appellate Procedure (Pa.R.A.P.) 1925(a), the trial court noted "that there is no [o]rder docketed to this case number that was dated or filed on March 15, 2018" and further stated that, "although they are somewhat unclear [Rahman's] submissions seem to relate to matters, decided by another Judge of this Court, which are interlocutory in nature."
**(Footnote continued on next page…)**

The underlying dispute in this continuing legal saga, *see supra* note 1, concerns the Township's filing of a civil complaint against Rahman for allegedly delinquent sewer payments and her claims against the Township and Counsel for allegedly billing and obtaining funds from her account unlawfully. The facts pertinent to our resolution of the procedural issues presented in this matter are as follows.

On March 7, 2018, the trial court sent correspondence to Rahman, the Township, and Counsel scheduling a hearing for March 15, 2018, to address Counsel's request to withdraw. Prior to the hearing, Counsel unofficially filed and served upon Rahman and the trial court an affidavit in support, explaining, among

---

**(continued…)**

(Trial court op. at 1.) Nonetheless, the trial court's Pa.R.A.P. 1925(a) opinion listed 2012-0925**6**, as the docket number and case through which it denied Rahman's motion to open and/or strike. And, upon our independent examination of the civil docket sheets for Luzerne County, there does not appear to be a number assigned as 2012-0925**5**. In this context, we conclude that any confusion with respect to the docket number is harmless in nature and has no bearing on our jurisdiction or authority to review the appeal and assess whether it stems from an appealable order. *Cf. K.H. v. J.R.*, 826 A.2d 863, 871 (Pa. 2003); *Commonwealth v. Brandt* (Pa. Cmwlth., No. 866 C.D. 2016, filed August 25, 2017) (unreported), slip op. at 8; *see* section 414(a) of our Internal Operating Procedures, 210 Pa. Code §69.414(a).

Nevertheless, we note that Rahman has been involved in multiple suits against or involving Foster Township (Township) and Counsel, including at Civil Docket Numbers 2019-05535, 2018-00427, 2018-02486, 2018-04482, 2017-02486, 2017-04458, 2012-09255. *See* The Prothonotary On-line Viewer for Luzerne County located at: https://www.luzernecounty.org/594/Prothonotary (last visited November 6, 2019); *see also Rahman v. Foster Township and Thomas J. Jones, Jr.*, 211 A.3d 914 (Pa. Cmwlth. 2019) (addressing Rahman's appeal at 2018-04482 and reinstating her appeal to the trial court from a magisterial district judge). Assuming, *arguendo*, that an order was entered in one or more of these cases on March 15, 2018, as suggested by the trial court, Rahman's current notice of appeal, due to substantive divergences in the docket number and lack of any positive indication that she intended to appeal from an order entered in one of these cases, is insufficient to perfect an appeal from such an order. *See Commonwealth v. Walker*, 185 A.3d 969, 979 (Pa. 2018).

other things, that Rahman had commenced a civil action against him. In turn, Rahman filed an affidavit in opposition, asserting, in part, that Counsel did not formally file a written motion to withdraw. (Reproduced Record (R.R.) at 20a, 23a, 25a-36a.)

At the March 15, 2018 hearing, the trial court inquired as to whether Counsel's affidavit to withdraw was officially filed of record, although Counsel had formally filed a motion to withdraw months earlier, and Counsel responded, "no." The trial court then verified that Rahman had received a copy of the previous motion to withdraw and filed a formal reply in opposition to that motion, and also received a copy of the then-recent affidavit to withdraw, and responded to the affidavit with an affidavit in opposition. The trial court asked questions regarding Rahman's civil suit against Counsel, noting the inherent conflict and strife of representing a client while being subjected to suit by that client. Next, the trial judge entertained a request filed by Rahman that he recuse himself from the case. Following complaints made by Rahman on the record that the trial court and Counsel were acting unfairly and in collusion, the trial judge orally ruled that he was "going to grant [her] request [and] recuse." (R.R. at 38a-41a, 59a-69a.)

On March 15, 2018, the trial court signed an order, apparently prepared by Counsel in January 2018 (the month of January was crossed out and replaced with the month of March), that granted Counsel's request to withdraw. On March 16, 2018, the trial court filed an order granting Rahman's recusal motion. (R.R. at 43a, 110a.)

Subsequently, on May 29, 2018, Rahman filed a "Motion to Open and Strike Off Order dated March 15, 2018." On July 24, 2018, the trial court denied the

3

motion and Rahman thereafter filed an appeal to this Court on August 22, 2018. (R.R. at 6a-12a; Trial court op. at 1.)

On November 17, 2018, and November 19, 2018, the Township and Counsel filed motions to quash, respectively, and Rahman filed answers. On December 4, 2018, this Court entered an order denying the motions to quash without prejudice to refile upon receipt of the original record. After the original record was filed in this Court, we entered an order on January 29, 2019. In this order, the judge noted that "it appears that there is a question as to whether the July 24, 2018 order is a final order pursuant to Pa.R.A.P. 341" and directed that "the parties shall address in their principal briefs on the merits the appealability of [the] order." Order, 1/29/19, at 1.

Before we could proceed to the merits of the issues that Rahman raises on appeal, this Court, as a threshold matter, must first determine whether we have jurisdiction over Rahman's appeal.[2] As oft been stated, "[t]he appealability of an order directly implicates the jurisdiction of the court asked to review the order." *Commonwealth v. Sabula*, 46 A.3d 1287, 1290 (Pa. Super. 2012). As such, by legislative and judicial mandate, this Court is required to determine whether the order appealed from is appealable, and the appealability of a trial court's order is a question of law subject to our plenary review. *In re First Baptist Church of Spring Mill*, 22 A.3d 1091, 1094-95 (Pa. Cmwlth. 2011); *Robinson v. City of Philadelphia*, 706 A.2d 1295, 1297 (Pa. Cmwlth. 1998).

Generally, an appellate court's jurisdiction only extends to review of a final order. Pa.R.A.P. 341(a); *In re First Baptist Church*, 22 A.3d at 1095. A final order is any order that: (1) disposes of all claims and all parties or (2) is certified as a

---

[2] In her brief, Rahman makes no meaningful argument that her appeal is properly before us.

4

final order by the trial court or other reviewing body. *See* Pa.R.A.P. 341(b); *Rae v. Pennsylvania Funeral Directors Association*, 977 A.2d 1121, 1125 (Pa. 2009). Further, Pa.R.A.P. 311 provides that, in certain circumstances involving interlocutory orders that are specified and enumerated in the rule, an appellate court has jurisdiction to entertain an appeal from those orders as a matter of right. *See* Pa.R.A.P. 311 (Interlocutory Appeals as of Right). Nonetheless, if an appellant attempts to appeal from an order that is non-appealable and interlocutory under the Rules of Appellate Procedure, this Court has no discretion in the matter and must quash the appeal. *See Hionis v. Concord Township*, 973 A.2d 1030, 1034 (Pa. Cmwlth. 2009).

Here, the trial court's March 15, 2018 order did not dispose of any of the claims asserted by either Rahman or the Township and, thus, it is not a final order. The trial court did not certify the order as final and immediately appealable. Pursuant to Pa.R.A.P. 311(a)(1), "[a]n appeal may be taken as of right . . . from . . . [a]n order refusing to open, vacate, or strike off a judgment." *Id.* However, although the trial court's July 24, 2018 order denied Rahman's "Motion to Open and Strike Off Order dated March 15, 2018," Pa.R.A.P. 311(a)(1) "is inapplicable here because no *judgment* was entered" below. *Schneller v. Clerk of Courts of the First Judicial District of Pennsylvania* (Pa. Cmwlth., No. 352 C.D. 2016, filed October 18, 2016) (unreported), slip op. at 9 (emphasis added). As an illustrative example, in *Borough of Ambler v. Regenbogen*, 713 A.2d 145 (Pa. Cmwlth. 1998), the appellant attempted to appeal from an order denying his motion to strike off a municipal claim filed by a borough under section 3 of the statute occasionally referred to as the Municipal Claims Act of 1923.[3] In analyzing the process through which a municipal claim is

---

[3]Act of May 16, 1923, P.L. 207, *as amended,* 53 P.S. §7106(a).

reduced to a "judgment," and having determined that the process for doing so had not yet been completed in the case, we concluded:

> Under the applicable rules, therefore, the [b]orough may not execute its municipal claim until it obtains a judgment on the writ of *scire facias*. At the time of the denial of the motion to strike off the municipal claim, the trial court had not yet heard the merits of the instant action in *rem*. *Since a judgment has not been entered in this matter, the trial court's order cannot be considered an order refusing to strike off or open a judgment appealable under Pa.R.A.P. 311(a)(1).*

*Borough of Ambler*, 713 A.2d at 148 (emphasis added).

The same reasoning applies here with as much force. In short, the underlying March 15, 2018 order, whether it be construed to encompass the trial court's grant of Counsel's request to withdraw or the trial court's grant of Rahman's request for recusal, or both, simply does not have the effect of entering a judgment in this matter. Therefore, as in *Borough of Ambler*, the trial court's July 24, 2018 order is not appealable pursuant to Pa.R.A.P. 311(a)(1).

Otherwise, to the extent that Rahman is seeking to appeal from, and obtain review of, the March 15, 2018 order on the merits, she did not file her notice of appeal until August 22, 2018, approximately five months after the entry of that order. It is well-settled that a "notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). Where, as here, an appellant files an untimely notice of appeal from an underlying merits order, and there has been no showing or suggestion of fraud or a breakdown in the court's operations, this Court is obligated to quash the appeal. *See City of Philadelphia v. Frempong*, 865 A.2d 314, 317 (Pa. Cmwlth. 2005). In this case, we are required to quash the appeal, due to the untimeliness of the appeal, even if the trial court's March

6

15, 2018 order granting Counsel's withdrawal and/or Rahman's recusal request satisfied the criteria of the collateral order doctrine and was immediately appealable as such. *See* Pa.R.A.P. 313; *McGrogan v. First Commonwealth Bank*, 74 A.3d 1063, 1078 (Pa. Super. 2013). This is because, like most (if not all other orders), "a collateral order must be appealed within 30 days of its entry." *McGrogan*, 74 A.3d at 1076 n.16. That is not the situation here.

Accordingly, we are constrained to quash the appeal.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Foster Township                :
                                   :   No. 1172 C.D. 2018

           v.               :
                                   :

Farida B. Rahman,        :
            Appellant     :

**_PER CURIAM_**

## _ORDER_

AND NOW, this 18th day of November, 2019, the appeal of Farida B. Rahman in the above-captioned matter is hereby QUASHED.